61  155
89  106

[No. 8,270.—Department One.]
July 27, 1882.

## A. RALPH ET AL. *v.* GEORGE N. LOCKWOOD.

CERTIFICATE OF PARTNERSHIP—ACTION FOR TORT.—Section 2468 C. C. forbidding the maintenance of actions by partners who have failed to file the certificate required by that section does not apply to actions for torts.

TITLE TO PERSONAL PROPERTY—LEASE—FRAUD AS TO CREDITORS—SUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT.—F., being in possession of a tract of land and without means to cultivate it, leased the same to the plaintiffs agreeing to put in and cultivate a crop of barley for them—they furnishing the seed and paying him for his labor an agreed price, and agreeing to pay him something more (the amount to be left to them) if the crop turned out well. The defendant, as constable, seized the property under execution at the suit of creditors of F. and plaintiff brought this action for conversion.

*Held:* The effect of the evidence on the part of the plaintiffs (which must be accepted here as true in view of the verdict of the jury in their favor) is that the barley in question was theirs from the beginning. The fact that plaintiffs leased the land from F., and that he was employed by them did not operate to subject their grain to the payment of his debts.

APPEAL from a judgment for the plaintiffs in the Superior Court of the County of Los Angeles. HOWARD, J.

Action for the conversion of personal property. The taking was admitted, and the defendant in his answer attempted to justify as constable under attachments against one Farris. It appeared from the evidence that Farris was in possession of a tract of land; and being out of money and provisions, and unable to cultivate it himself, leased it to the plaintiffs, agreeing to put in and cultivate a crop of barley on the land for them—they furnishing the seed and paying him for his labor an agreed price; and something more (the amount to be left to them), if the crop turned out well. There was a verdict and judgment for the plaintiffs.

*Smith & Hupp,* for Appellant.

The plaintiffs can not maintain this action for the reason that they have not filed the certificate required by Sections 2466 and 2468 of the Civil Code. (*Fabian & Co.* v. *Callahan*, 56 Cal. 159). The pretended lease of January 2, 1880, was void, and plaintiffs obtained no title to, or lien upon the bar-

ley, because: The policy of the law is against secret liens: Civil Code, Sec. 3439; Bump on Fraud. Conv. pp. 39 to 48; Kerr on Fraud, p. 196.

If, under the facts of this case, plaintiffs, as against the creditors of Farris, acquired a valid title to or lien upon the growing crop by virtue of the so-called lease, then no person is safe in trusting any farmer in this State upon the faith of his possession and apparent ownership of a tract of land and a growing crop.

*Glassell & Smith,* for Respondents.

It is contended that plaintiffs, having failed to publish a certificate of partnership, can not maintain this action. We submit that § 2468, Civil Code, has no application to actions for torts, and that, even with regard to actions upon contracts it is clearly in violation of the provision of the State and Federal Constitutions, forbidding passage of any " law impairing the obligation of contracts." (Const. U. S.; Art. 1, § 10; Const. Cal. [old and new] Art. 1, § 16); and perhaps also in violation of other constitutional provisions. (Const. of 1863, Art. 1, §§ 11, 21; Const. of 1879, Art. 1, §§ 11, 21, 23.) The plaintiff's title to the property rests upon the fact that they raised the crop themselves on land leased by them more than five months previously.

The COURT:

Section 2468 of the Civil Code does not apply to torts, and as the action is for a conversion of personal property, the plaintiff's rights are unaffected by the provisions of that section.

There is some confusion as well as conflict in the evidence, but we think the effect of that on the part of the plaintiffs (which must be accepted here as true, in view of the verdict of the jury in their favor) is that the barley in question was theirs from the beginning. It was they who caused its production. It was raised on land leased by them: they furnished the seed from which it grew, and the money with which to pay for its planting, and the gathering, threshing and sacking of the crop; and when this was done they took actual possession of the grain and commenced its removal from the

field. At this juncture it was levied on by the defendant, as Constable, under writs issued at the suits of creditors of one Faris, from whom plaintiffs leased the land, and who was engaged by them in planting, gathering, threshing, sacking and hauling the crop. But the fact that plaintiffs leased the land from Faris and that he was thus employed by them, does not operate to subject their grain to the payment of his debts.

We see nothing in the record calling for a reversal of the case.

Judgment and order affirmed.