[Civ. No. 1074. First Appellate District.—December 4, 1912.]

R. E. REEVES and J. A. WADSWORTH, Copartners, Doing Business Under the Firm Name and Style of R. E. Reeves & Co., Respondents, v. FIRST NATIONAL BANK (a Corporation), Appellant.

BANKS—CHECKS—MODE OF SIGNATURE BY PARTNERS—USAGE INTERPRETING CONTRACT—DISHONOR OF CHECK—ACTION FOR DAMAGES.— Though partners having an account at a bank, gave thereto both their firm name and their individual names, with the words over the same, "both signatures required"; yet, whatever those words may mean, it appearing to be the general usage of the parties that checks were drawn and honored in their individual names, such general usage shows how the parties interpreted their contract, and it could not be changed by the bank without express notice to the partners before action was brought by them against it for damages for dishonor of a check so drawn.

ID.—WRONGFUL DISHONOR OF CHECK OF BUSINESS MEN—SUBSTANTIAL DAMAGES.—Where it appears that the plaintiffs suing the bank for the wrongful dishonor of their check were established in business,

such wrongful dishonor raises the presumption that the drawers have sustained substantial damages, the amount of which it is for the court or jury trying the case to fix, as general compensatory damages, in the absence of any showing of special damages.

ID.—ACTION BY PARTNERS FOR TORT—FILING OF CERTIFICATE SHOWING NAMES NOT REQUIRED.—An action by partners to recover damages against a bank for the dishonor of their check as business men, is one of tort, not growing out of any contract made or transaction had in plaintiffs' partnership name; and does not fall within section 2468 of the Civil Code, forbidding certain actions to be brought until a certificate showing the names of the partners is filed and published.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Reed, Black & Reed, and E. Nusbaumer, for Appellant.

Philip M. Walsh, for Respondents.

KERRIGAN, J.—This is an appeal by the defendant from a judgment in favor of the plaintiffs for three hundred dollars damages, and also from an order denying defendant's motion for a new trial.

The action was brought to recover damages claimed to have been sustained by the plaintiffs because of the defendant's failure to pay on presentation two certain checks, aggregating approximately one hundred dollars, there being on deposit to the credit of plaintiffs sufficient funds to meet them.

Defendant contends that there is no evidence to support the findings of the court (1st) that the checks were in form entitling them to be accepted and paid; and (2d) if they were in form, that the plaintiffs had suffered any substantial damage by reason of the dishonor of the checks.

Upon opening the account the plaintiffs, according to a well established custom, made and delivered to the bank what is termed a signature card, which set forth the manner and form in which checks upon the account should be signed. It was as follows:

"THE FIRST NATIONAL BANK, Oakland, Cal.

"Below please find duly authorized signatures which you will recognize in the payment of funds or the transaction of other business on our account.

"Both sigs. required.

"R. E. REEVES CO.

"R. E. REEVES

"J. A. WADSWORTH."

The checks in question were signed "R. E. Reeves" and "J. A. Wadsworth"; and defendant asserts that this was not in the manner and form required by the bank in accordance with its agreement with plaintiffs, and that therefore the bank was warranted in refusing to pay them.

We do not agree with this contention. First of all it is not clear what is meant by "both signatures required." It may have been intended that checks should bear the copartnership name, or perhaps the signatures of each of the two individuals composing the copartnership, or of the copartnership and the individuals. In any event we do not see what harm could have come to the bank by paying these checks, bearing as they did the signatures, known to the bank, of the persons comprising the copartnership. Moreover, every check drawn on the bank by this concern from the time the account was opened until the presentation of these checks was signed as they were, and the bank promptly paid them, as indeed it paid these when its attention was called to the circumstance of their dishonor. This shows how the parties had interpreted the contract, and this course of conduct may be regarded as having established a general usage between the bank and the plaintiffs, which the bank could not suddenly and without express notice to the plaintiffs change. (*Hotchkiss* v. *Artisans' Bank,* 42 Barb. (N. Y.) 517.)

Second. As to the next question raised by the defendant, we do not agree with it that the evidence does not show that the plaintiffs were entitled to substantial damages. It is true that no special damages were sought, and that there was no claim that the refusal to pay the checks was the result of ill will or malice, but it does appear that the plaintiffs were established in business, and where this is so the great weight of authority is to the effect that the wrongful dishonor of a check raises the presumption that the drawer has sustained

substantial damage, the amount of which it is the duty of the court or the jury to fix. Many of the adjudicated cases liken this sort of suit to an action for slander of a person in business, regarding it as a slander by acts, and hold that since the improper refusal to pay the check of a depositor will invariably injure him in his business, and that as a rule it will be impossible to prove the amount of the damage, the law must of necessity—fitting itself to conditions—presume that he is entitled to reasonable compensation for the injury.

The text writers and the decisions of nearly all the states where this question has arisen sustain this view. The author of Morse on Banks and Banking, volume 2, section 457, after referring to two cases in New York, which hold that where, upon a wrongful refusal of a bank to pay the check of a customer, no tangible or measurable injury is shown, only nominal damages may be recovered, says: "But the better authority seems to be that, even if such actual loss or injury is not shown, yet more than nominal damages shall be given. It can hardly be possible that a customer's check shall be wrongfully refused payment without some impeachment of his credit, which must in fact be an actual injury, though he cannot from the nature of the case furnish independent distinct proof thereof. It is as in cases of libel and slander, which description of suit it indeed closely resembles, inasmuch as it is a practical slur upon the plaintiff's credit and repute in the business world. Special damage may be shown, if the plaintiff be able; but, if he be not able, the jury may nevertheless give such temporary damages as they conceive to be a reasonable compensation for that indefinite mischief which such an act must be assumed to have inflicted, according to the ordinary course of human events."

In the case of *Schaffner* v. *Ehrman*, 139 Ill. 109, [32 Am. St. Rep. 192, 15 L. R. A. 134, 28 N. E. 917], in answer to the question, what is the measure of a banker's liability to a person engaged in trade for a refusal to pay his check, he having sufficient funds on deposit for that purpose, in the absence of evidence of malice or special injury to the depositor, the court said: "Authorities seem to be uniformly to the effect that more than mere nominal damages are in such cases recoverable. In *Rosewater* v. *Hoffman*, 24 Neb. 222, 230, [38

N. W. 857, 861], is found the following expression: 'It is a well settled rule . . . that punitive, vindictive or exemplary damages cannot be allowed. The only damages recoverable are denominated compensatory, which are a satisfaction for the injury sustained,' ''—citing many cases, in all of which it is held that the plaintiff's recovery is not limited to nominal damages, but he is entitled to recover general compensatory damages.

In the case of *The J. M. James Co.* v. *Continental Nat. Bank,* 105 Tenn. 1, [80 Am. St. Rep. 857, 51 L. R. A. 255, 58 S. W. 261], the court, after holding that the action is one *ex delictu,* growing out of a breach of duty or an implied contract of the bank to honor plaintiff's checks as long as he had money to his credit, said: ''It alleged that plaintiff was a trader, and as such engaged in the mercantile or commission business in the city of Memphis, but, as may be seen, averred no special damage as the result of the defendant's wrongful conduct. The ground of demurrer referred to is that its failure to allege special damages was fatal. The authorities are uniform that the averment that plaintiff is a trader is sufficient, and he is entitled in such case to recover substantial damages, though special damage is not alleged. . . . Having averred and proved that it was a trader, and that its checks were dishonored wrongfully by the bank, the law conclusively presumed that the plaintiff had sustained damages, which it was the duty of the jury, under proper instructions, to fix. . . . The rejection by a bank of a check drawn upon it by a customer brings discredit to the drawer, not only with the person presenting it, but necessarily with all persons who are informed of the fact. And, if this customer is a merchant or trader, its natural effect is an injury to his business standing, as far as the knowledge of the fact extends, for which he is entitled to substantial, though temperate, damages, measured by all the facts in the case.''

This action was one for tort, and hence does not fall within section 2468 of the Civil Code, requiring persons doing business under a fictitious name to file a certificate with the county clerk, showing the names of the persons interested as partners in such business. (*Ralph* v. *Lockwood,* 61 Cal. 155; *Melcher* v. *Beeler,* 48 Colo. 233, [139 Am. St. Rep. 273, 110 Pac. 181].)

Besides, this suit did not grow out of any contract made or transaction had in plaintiffs' partnership name. (Civ. Code, sec. 2468.)

The judgment and order are affirmed.

Lennon, P. J., and Hall, J., concurred.