[Civ. No. 410. Fourth Appellate District.—August 20, 1931.]

M. S. THOMPSON, Respondent, v. LILLIE W. BYERS, Executrix, etc., Appellant.

Liggett & Liggett and Glen H. Munkelt for Appellant.

H. V. Richardson for Respondent.

'ALLEN, J., *pro tem.*—Plaintiff recovered judgment in conversion in the lower court. This action was originally commenced against James C. Byers, who was sheriff of San Diego County and who levied an attachment on the stock of goods in an. action against C. X. Thompson. Plaintiff, who is the wife of C. X. Thompson, filed a third party claim. The attaching creditor filed with the sheriff an indemnifying bond and obtained judgment against C. X. Thompson. The sheriff sold the property under execution issued on the judgment. Subsequently James C. Byers died and appellant, who was appointed executrix of his estate, was substituted as party defendant in this action and appeals from the judgment. The first error relied upon is that the trial court erred

in holding that plaintiff's failure to file and publish any certificate of carrying on business under a fictitious name was immaterial as to her right to maintain the action. It is admitted that plaintiff was conducting business under the name of Home Specialty Company, and was retailing goods under such name. The court found that plaintiff had not, prior to the trial, nor at any time, published any certificate as required under section 2468 of the Civil Code. In an early case our Supreme Court held that section 2468 of the Civil Code relative to the filing and publishing of fictitious names, did not apply to actions of tort. (*Ralph* v. *Lockwood*, 61 Cal. 155.) This case is cited in *Reeves* v. *First Nat. Bank*, 20 Cal. App. 508, at 512 [129 Pac. 800, 801], where it expressly says: "This action was one for tort and hence does not fall within section 2468 of the Civil Code." Appellant urges with some eagerness that this cannot be the law because this section of the code has been amended since the rendition of the opinion in those cases by inserting the words "or transactions had" and cites cases from other jurisdictions supporting his contention. The cases cited do not bear out this contention. The case of *Farquharson* v. *Wadkins*, 54 Okl. 450 [153 Pac., at 1160, 1161], is one brought for damages sustained by the partnership. Quoting from the decision: "They instituted the suit to recover damages for an injury claimed to have been sustained by them as partners under this fictitious name of the Elite Theatre," and the court held that it was necessary for them to have filed and published notice of such partnership before suit could be maintained. This, we think, would not have precluded them from suing in tort under the individual names. In this case the suit was filed under the name of M. S. Thompson and not the Home Specialty Company, the fictitious name under which she transacted business. In further construing the word "transaction" it cannot be safely said that the plaintiff in this case had any transaction or transactions in a business nature with the sheriff of San Diego County. All she did when he levied on the property claimed by her was to tell him so in writing. We do not understand the word "transaction" to mean that one can commit a tort and then claim he has had a transaction with such person. A transaction must be something of a

mutual nature and would not extend to torts. Had the word "transaction" been inserted in the statute for such cases as this as claimed by appellant the legislature could and properly would have added "in all cases" to what it did say, or had it meant to include torts when it so amended such section, could have made it plain by saying "transactions and torts". This it did not do, and we cannot presume that it meant anything more than it said. We do not read into the section anything not contained therein.

■ Appellant next contends that the evidence is insufficient to support the findings. The main contention of appellant is that plaintiff's only witness was C. X. Thompson, her husband, whose evidence was insufficient to overcome the presumption established by section 164 of the Civil Code that all property acquired by either spouse during marriage is community property. The testimony of C. X. Thompson is that plaintiff entered into the business in 1924 with her sole and separate property which she had before her marriage; that such property consisted of $1200 in cash and a lot which she sold and put into the business; that she ordered the goods which were charged to her by the wholesalers; that she carried the bank account in her own name and drew checks thereon; that no community funds were invested in said business; that he never contributed any funds to the business; that an agreement was had between himself and his wife that it should be her sole and separate business; that at no time had he operated the same except at one time when his wife was called away by sickness; that he did not handle the funds of the business and had not worked for the Home Specialty Company. This uncontradicted evidence was sufficient to overcome the presumption of the statute. If believed by the court, one witness who is entitled to full credit is sufficient to prove any fact.

■ The complaint in this action was originally brought against James C. Byers and alleged that he was the sheriff of San Diego County and prayed for judgment against him individually. The answer justifies his acts on the ground that he acted in his official capacity by virtue of a valid writ of attachment. In the trial it was stipulated that he acted at all times in his official capacity.

A sheriff may be sued in his individual capacity for torts committed by him in the course of his official duties and defendant would not be entitled to a finding on the fact unless such failure to so find would be prejudicial to the sheriff's rights. Finding number five sets out that at the time of the levy of the attachment the defendant was acting as sheriff of San Diego County. In reading and construing the findings as a whole, we see nothing which would constitute such error as to warrant a reversal of the trial court.

■ It is also contended that the judgment must be reversed because it does not appear that the claim against the Byers estate has ever been presented and disallowed by the executrix. Section 1502 of the Code of Civil Procedure is that "if an action is pending against the decedent at the time of his death the plaintiff must in like manner file his claim with the clerk or present it to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of such filing or presentation". This section should be read in connection with section 1493 of the Code of Civil Procedure, which is as follows:

"All claims arising upon contracts, whether the same be due, not due, or contingent, and all claims for funeral expenses and expenses of the last illness must be filed or presented within a time limited in the notice, and any claim not so filed or presented is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant to the satisfaction of the court, or a judge thereof, that the claimant had no notice as provided in this chapter, by reason of being out of the state, it may be filed or presented at any time before a decree of distribution is entered," etc.

The claim in this action was one arising in tort. It follows that it was not necessary to prepare and file with the executrix for allowance or otherwise, any claim. There is no statute requiring the presentation of such a claim to the executrix. The case of *Millar* v. *Millar*, 51 Cal. App. 718, 728 [197 Pac. 811], fully answers this contention and is determinative thereof.

Some objections are made to the rulings of the trial court on the admission of testimony, but a close examination of

the record does not disclose such errors as would justify a reversal of the cause.

The judgment of the trial court is therefore affirmed.

Jennings, Acting P. J., and Marks, J., concurred.