[Civ. No. 15567. Second Dist., Div. Two. Nov. 20, 1947.]

EDITH PEARL NASH et al., Appellants, v. LAWRENCE WILLIAM WRIGHT et al., Defendants; B. W. BEL-YEA, Respondent.

Albert E. Wheatcroft and Robert E. Moore, Jr., for Appellants.

Bauder, Veatch & W. I. Gilbert and Jean Wunderlich for Respondent.

MOORE, P. J.—Appeal from judgment in favor of defendant Belyea "on directed verdict in open court."

Plaintiffs are the widow and two sons of decedent, Ned A. Nash. By their complaint they allege that on November 15, 1943, decedent was killed while a passenger in a station wagon which was struck by a pickup truck negligently operated by defendant Wright, employee of Belyea.

The station wagon, operated by one Guy Steele, had proceeded southerly on Henry Ford Avenue en route to Terminal Island. When it reached a point about 60 feet from a railway crossing, and while traveling alongside the center stripe of the avenue, Steele observed an eastbound train approaching. He came to a standstill at about 15 feet from the center line of the northerly track. The station wagon had been stopped about 30 seconds when it was struck and propelled by the pickup truck onto the track of the approaching train. As the vehicle spun around from the ensuing impact, decedent was hurled to the street. His death two days later resulted from the injuries thus received.

Wright, having evidently disappeared from the community, was not available as a witness. Without him, appellants attempted to prove his agency of Belyea at the time of the accident and thereby the latter's liability, by circumstances, inferences therefrom and statutory presumptions. From the time-cards of respondent it was established that on November 15 Wright was in the employ of Belyea as a repair mechanic and checked in at 10:15 a. m. On the preceding day he commenced work at 7:49 a. m. and left at 7:31 p. m. The pickup truck was painted gray, the color of most of Belyea's equipment, and an enamel sign containing the words "Belyea Truck Company" was permanently bolted to the cab. The truck was a messenger car whose record title was vested in the Pacific Crane and Rigging Company, garage associate of Belyea, but it was one of "a pool down in Cal-Shipyard" the vehicles of which were used by either Belyea or Pacific Crane "if parts were needed." Such evidence appellants introduced for the purpose of showing that the pickup truck was the property of Belyea and that at the time of the accident it was operated by his employee.

To defeat the inferences arising from such circumstances respondent proved the following: (1) Wright was told by Belyea's truck foreman on November 14 that company equipment was not to be operated for personal use; (2) he was

instructed by the mechanical engineer of the Pacific Crane and Rigging Company not to use Belyea's equipment for personal use "under any consideration"; (3) Wright was discharged for having used such equipment for his personal use, contrary to orders. By reason of such proof, the trial court determined that the inferences arising from appellants' evidence had been dispelled and directed the jury to return a verdict against them. That such instruction was error an attempt is here made to demonstrate.

· Such demonstration will be facilitated by keeping in mind four cardinal rules which are inalienable from a fair consideration of a judgment based upon a directed verdict: ■ (1) On a motion for such verdict the same conditions as to the proof must obtain as on a· motion for nonsuit. ■ (2) Upon such motion it is the trial court's duty to give plaintiff's evidence all the value to which it is entitled, and ignoring conflicts in the testimony, to indulge every legitimate inference reasonably deducible from the proof in favor of plaintiff. (*Mairo* v. *Yellow Cab Co.,* 208 Cal. 350, 351 [281 P. 66]; *Dieterle* v. *Yellow Cab Company,* 34 Cal.App.2d 97, 98 [93 P.2d 171].) ■ (3) Under such motion, the evidence for the defense must be disregarded, and if there is any substantial evidence from which the jury can find for plaintiff it is the court's duty to deny the motion. ■ (4) On appeal from a judgment after directed verdict the reviewing court cannot affirm the judgment if the evidence of plaintiff standing alone would have warranted findings favorable to him (*Anthony* v. *Hobbie,* 25 Cal.2d 814, 817 [155 P.2d 826]), and only the evidence most favorable to the plaintiff may be examined.

Despite the foregoing salutary rules respondent contends that where plaintiff's proof consists of circumstances only the inferences therefrom are so utterly dispelled by contradictory direct evidence introduced by the defendant that the trial judge may disregard it and direct a verdict for the defense on the theory that plaintiff's evidence was conclusively disproved. In support of such contention respondent cites *Engstrom* v. *Auburn Auto Sales Corp.,* 11 Cal.2d 64 [77 P.2d 1059], which holds (p. 70) that "an *inference* is· dispelled as a matter of law when it is rebutted by clear, positive and uncontradicted evidence which is not open to doubt, even though such evidence is produced by the opposite side.· . .,. . Of course, if the opposition evidence is conflicting, vague or

uncertain or is weakened by contradictions or improbabilities, an inference is not dispelled as a matter of law.''

In order properly to evaluate the pronouncement of the Engstrom decision a review thereof and of its supporting authorities is essential. Section 402 of the Vehicle Code makes the owner of a motor vehicle liable for injury to person or property resulting from negligence in the operation "of such motor vehicle . . . by any person using or operating the same with the permission express or implied, of such owner. . . .'' In the Engstrom case the owner, an automobile sales agency, had given permission to one Silkman to drive the car on a Friday for the purpose of demonstrating it to his family. In granting such permission it was agreed that Silkman would return the car in two hours. He did not return it until after the lapse of 23 hours. The accident occurred shortly before his return and after many efforts to locate him. According to the opinion no attempt was made by Engstrom to controvert the proof that Silkman's use of the car had been limited to two hours. He submitted his case in reliance upon the admission of the sales agency that it owned the vehicle and upon the inference that the operator had permission to drive it. Such proof was not sufficient to establish that a prospective purchaser who has driven an automobile away from the merchant's showroom for a demonstration was authorized to use it perpetually. More evidence was required to bring the case within the purview of section 402, *supra*. For want of any proof that Silkman was at the time of the accident driving the automobile with the consent of its owner, coupled with the express agreement of the corporation and Silkman as to the limited period of its use, the order for the instructed verdict was inevitable.

One further observation on the text of the Engstrom decision will serve to emphasize its differentiation from the case at bar. On page 70 the following pronouncements appear: "[A] *presumption* is dispelled when a fact which is wholly irreconcilable with it is proved by the uncontradicted testimony of the party relying on it or of such party's own witness, when such testimony was not the product of mistake or, inadvertence. . . . [A] presumption is not dispelled by evidence produced by the opposite party but remains as evidence in the case sufficient to support a judgment, except in rare cases in which the rebutting evidence is absolutely conclusive. . . . [A]n *inference* is dispelled as a matter of law when

it is rebutted by clear, positive and uncontradicted evidence which is not open to doubt, even though such evidence is produced by the opposite side.'' A study of the decision discloses that the passage with reference to the ''inference'' does not fairly express the meaning intended by the court. It is dispelled as a matter of law by positive and direct evidence produced by the adversary party the moment the case is submitted for decision. It is dispelled as a matter of law before submission or at the conclusion of plaintiff's case when there is produced by the plaintiff himself positive and direct evidence contrary to the inference raised by plaintiff's own proof. That this was the intention of the court in the Engstrom decision is divined from the facts proved by Engstrom in his attempt to establish that Silkman had driven the offending vehicle with the sales agency's permission. It is demonstrated also by the authority cited in support of the last-quoted passage, to wit, *Maupin* v. *Solomon,* 41 Cal.App. 323 [183 P. 198]. A reference to page 324 thereof discloses that the appellate court in reviewing a judgment for plaintiff and an order denying defendant's motion for a new trial declared that the inference relied upon by the plaintiff could not be indulged; that ''it must yield to the direct and unequivocal evidence rebutting such inference.''

Such is the established rule for trial courts in weighing the evidence of both parties either in deciding a case or in trying the motion for a new trial. But on a motion for an instructed verdict such rule does not authorize the dispelling of inferences by evidence introduced by the defendant. This is made clear by two other authorities cited in the Engstrom decision as ''determinative,'' viz.: *di Rebaylio* v. *Herndon,* 6 Cal.App.2d 567 [44 P.2d 581], and *Howland* v. *Doyle,* 6 Cal.App.2d 311 [44 P.2d 453]. In the case of di Rebaylio, he was attempting to prove that Herndon, the driver of the car which had injured him, was given permission to use it. He called both Herndon and the president of the corporation which owned the car. Both testified that Herndon had never been an employee of the corporation; that when Herndon took the car on Friday he agreed to return it the next morning, but that he did not return it at all on Saturday. There was no contrary evidence. Because the mere driving of another's motor car is not in itself sufficient proof that it is driven with the owner's consent, the jury were properly instructed to return a verdict against

the plaintiff. In the case of Howland, judgment of nonsuit was entered in favor of the Reo Dennis Company, a dealer in motor vehicles, which permitted one Fifield, an erstwhile demonstrator for the company, to take a truck for the purpose of purchasing it or of selling it to another. Nothing was said to indicate that anyone else would drive the vehicle. But Fifield before calling for the truck had hired one Doyle, who operated it thereafter without the knowledge or consent of the owner and in so doing negligently injured the plaintiff. Holding that since no facts or circumstances were in evidence from which it could be inferred that the owner had given Doyle permission to drive the truck, the cited section (402, *supra*) was declared not applicable. On appeal it was held that permission to drive a motor vehicle can exist only when the owner had knowledge, or a reason for believing, that the car "would be driven by a person with whose negligence it is sought to charge him."

It is argued by respondent that from the registration slip the presumption arose that the rigging company owned the truck (Veh. Code, §§ 66, 155, 159), and that such presumption, reinforced by section 760 which makes it a misdemeanor to violate the code, dispels the inference of respondent's ownership. ▮▮▮ But the fact is that if the defendant's name is found painted on the motor car immediately after it has injured a person in traffic it is sufficient proof to warrant the inference of ownership. (*Tieman* v. *Red Top Cab Co.*, 117 Cal.App. 40, 45 [3 P.2d 381].)

▮▮▮ Appellant's proof was aided by certain presumptions. It is presumed that the ordinary course of business has been followed; that a person takes ordinary care of his own concerns; that a person is innocent of wrong, i.e., of using property of another without the latter's consent; that things which a person possesses are owned by him; that a person is the owner of property from exercising acts of ownership over it. (Code Civ. Proc., § 1963, subds. 1, 4, 11, 12, 20.)

Vehicle Code, section 66, declares that an owner is one entitled to possession. In addition to the cited presumptions and to the facts that the pickup truck was being operated by Belyea's employee and was painted in the same color found on all of Belyea's equipment, it was proved that respondent and his associate, the Crane Rigging Company, had a number of trucks in "a pool," and that when an employee of either required transportation to go for parts he would

get any truck in the pool for the errand. Under such an arrangement the user of any truck in the pool was, to the traffic world, the owner. Respondent could not by virtue of a private agreement enjoy the free use of a truck registered to the name of his associate and thereafter avoid liability on the ground of nonownership of the vehicle so used. Such facts and the inferences reasonably drawn therefrom and the cited presumptions constituted such evidence as entitled the jury to determine the issue presented by the controversy. There is no such sanctity about the evidence produced by respondent as entitled it to be established by its mere utterance. It consisted in the main of testimony which when contradicted by word or circumstance by universal practice goes into the hopper of the fact finder. Although the registry did show the title of the truck to be vested in another, its color and its name plate and its daily use by Belyea were facts from which ownership may have fairly been inferred.

Moreover, the truck was driven by Belyea's employee. ▇ It is not to be denied that in an action for personal injuries caused by the negligence of an employee while operating his employer's motor car it is reasonable to infer that the use of the vehicle was authorized by the owner and that the employee was acting within the scope of his employment. (*Shields* v. *Oxnard Harbor District,* 46 Cal.App.2d 477, 487 [116 P.2d 121]; *Bushnell* v. *Tashiro,* 115 Cal.App. 563, 565 [2 P.2d 550]; *Blank* v. *Coffin,* 20 Cal.2d 457, 460 [158 P.2d 206].) The general manager of Belyea testified that Wright was in the employ of Belyea on November 15, and that he was at the shop all day of the 14th.

▇ Respondent assumes that Wright at the time of the collision was on the way from his home to his work. There is no evidence to support such assumption except the testimony of witnesses that he had been instructed not to use the trucks for his personal needs. Such testimony is not proof that Wright had not already checked in at 7:49 as he had done on the morning of the 14th. It is not reasonable to assume that he would have gone to work at 9:30 on Tuesday if he had arrived there before 8 o'clock on the previous Monday. There is no evidence that he had taken the car to his home on the evening of the 14th. But under the presumptions above quoted, if he had been warned, as respondent's witnesses testified, not to drive the trucks for his personal uses, it is a presumption that out of care for his own concerns

he would not have driven the truck except on an errand for Belyea.

The judgment is reversed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied December 10, 1947, and respondent's petition for a hearing by the Supreme Court was denied January 15, 1948. Edmonds, J., Schauer, J., and Spence, J., voted for a hearing.