[Civ. No. 15934. Second Dist., Div. Two. Nov. 20, 1947.]

EDITH PEARL NASH et al., Respondents, v. LAWRENCE WILLIAM WRIGHT et al., Defendants; CITIZENS NATIONAL TRUST AND SAVINGS BANK OF LOS ANGELES, as Executor, etc., Appellant.

Bauder, Veatch & W. I. Gilbert for Appellant.

Jennings & Belcher, as Amici Curiae on behalf of Appellant.

Albert E. Wheatcroft and Robert E. Moore, Jr., for Respondents.

MOORE, P. J.—Defendant Belyea having prevailed in the court below in an action for damages arising from the death of plaintiffs' decedent, allegedly caused by the tor-

tious act of Belyea, the plaintiffs appealed to this court, action 15567. A reversal of the judgment has been ordered by opinion this day filed (see *ante*, p. 467 [186 P.2d 686]). After that appeal had been lodged Belyea deceased and appellant qualified as the executor of his last will and testament. After due presentation and rejection of their claim plaintiffs moved the court below for an order substituting appellant as defendant in the place and stead of Belyea. From the order granting such motion comes this appeal.

█ The original cause of action was for damages suffered by plaintiffs as heirs of Ned A. Nash. Appellant now contends that since such action is based upon the "wrongful death of decedent," it does not survive the tort feasor. The labor incident to the task of deriving a solution of the issue thus presented is minimized by the decision in *Hunt* v. *Authier,* 28 Cal.2d 288 [169 P.2d 913]. By that action the heirs of Doctor Hunt sued the administratrix of the estate of his assailant for the wrongful death of the doctor. (Code Civ. Proc., § 377.) Upon a review of the judgment of dismissal after the administrator's demurrer had been sustained, the court after an exhaustive review of the legislation and the decisions upon the doctrine of survivability of tort actions held that by virtue of the language of section 574 of the Probate Code, as amended in 1931, any person may maintain an action against the administrator of the estate of a decedent who in his lifetime has wasted, destroyed or carried away the property of the plaintiff; that under section 574 of the Probate Code the injury suffered by the widow and children of him who was killed by the tortious act of one who subsequently deceased is an injury to their property, since it affects their right to receive future support from their decedent and therefore survives as an action against the estate of the tort feasor; that the definitions of the word "property" as set forth in the Civil Code, section 14, do not exclude the injuries suffered from the loss of spouse or parent from the category of property as used in section 574.

The cause of action of respondents involves a diminution of their support both *in presente* and in expectancy which they would have received from their decedent. Such support, although it came by virtue of Mr. Nash's earning power, was the "estate" of respondents, and the loss they suffered by reason of his death existed during the lifetime of Belyea. It follows that the latter's estate is liable to respondents for such loss.

Appellant contends that the original action by respondents is one for wrongful death (Code Civ. Proc., § 377) and that the elements of damage commonly comprising such action, such as loss of consortium, society and comfort, are not property as contemplated by the statute (Prob. Code, § 574) or by the decision in the Hunt case; that while an action for wrongful death is barred by section 340(3), Code of Civil Procedure, the time within which an action for damage to property by one who has deceased is controlled by section 338(1). Such distinction is without a difference. Mr. Nash was killed by the wrongful act of Belyea's agent, just as Doctor Hunt was killed by the wrongful act of his assailant. The fact that the action for wrongful death is barred after one year while an action for damage to property is not barred within three years has no significance here. Statutes barring legal actions are enacted merely for the tranquility of the state, and the varying periods whereby the filing of such actions is barred are determined upon considerations not specified in the several statutes of limitation.

There is no substantial difference between the nature of the action brought by the Hunt heirs and that instituted by respondents. The fact that the present action was filed prior to Belyea's decease does not in the slightest degree affect its character as a suit for property or depreciate its survivability.

Appellant contends that an action for wrongful death is not included within the purview of the Hunt decision; that the Hunt heirs sued merely for property damage which excluded loss of consortium, society and comfort. But respondents herein alleged their damage as resulting from the wrongful death of Mr. Nash. No mention is made of the items constituting their loss. Merely the destruction of their breadwinner is alleged. This is what the Hunt heirs sued for and the court declared (1) that upon the death of Doctor Hunt a cause of action for wrongful death arose in favor of his heirs under section 377, Code of Civil Procedure, and (2) that it continued to exist until the tort feasor's death, but (3) that upon his death the survival of the action against the tort feasor's estate was effected by virtue of section 574 of the Probate Code, which "affords the right to maintain actions after death of those who could have been plaintiffs or defendants if they had lived, in cases of injury to property, and to that extent has created a departure from

the common law rule that actions ex dilecto do not survive."
(28 Cal.2d, p. 292.)

Order affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 15, 1948. Edmonds, J., Schauer, J., and Spence, J., voted for a hearing.