[Civ. No. 7517. Third Dist. July 7, 1949.]

PRESTON M. MECUM, Appellant, v. E. A. OTT, as Administrator, etc., Respondent.

Price & Morony and Richard H. Fuidge for Appellant.

Russell A. Harris for Respondent.

THOMPSON, J.—Plaintiff appealed from a judgment which was rendered against him pursuant to an order sustaining defendant Ott's demurrer to the complaint without leave to amend the pleading.

The amended complaint against the administrator of the estate of Richard D. Bishop, deceased, and Dorothy Elizabeth Bishop alleges personal injuries and property damages sustained by plaintiff in an automobile collision, as the result of alleged negligence of Mr. Bishop, the deceased, in an automobile casualty which occurred December 25, 1945; that Richard D. and Dorothy Elizabeth Bishop owned and occupied their car at the time of the accident; that plaintiff was driving his machine at the time of the accident, in which his mother and sister were riding; that both his mother and sister died as a result of the accident, and plaintiff sustained serious personal injuries which are partially permanent, and also damage to or loss of wearing apparel of the value of $69.50, and that he suffered "waste and destruction of his property,

property rights and estate in the further sum of Ten Thousand Dollars'' on account of said casualty; that the said Richard D. Bishop subsequently died and an administrator of his estate was duly appointed; that plaintiff presented and filed his claim for said personal injuries and property damage with the administrator on October 31, 1946, which was not allowed. ■ The rejected claim is attached to the amended complaint as an exhibit, and contains an itemized demand for payment of said personal injuries and ''waste, and destruction of the property, property rights, and estate of the said claimant in the sum of $10,183.90'' including the bill of a named physician in the sum of $25; ambulance service $12.75; hospital charges $61.65; one suit of clothes $45; one raincoat $17.50, and one hat $7.00, making a total of such property loss of $183.90, together with general losses and damages in the further sum of $10,000.

Defendant's demurrer to the amended complaint was sustained, without leave to amend, upon the evident theory that the cause abated upon the death of Richard D. Bishop, the alleged tort feasor. Judgment was rendered accordingly.

Plaintiff asserts that the cause of action survived, under section 574 of the Probate Code, as held by *Hunt* v. *Authier,* 28 Cal.2d 288 [169 P.2d 913, 171 A.L.R. 1379], because the complaint alleged destruction and loss of property as a result of the negligence and tort of the deceased, and that a claim for said losses had been duly presented to the estate and rejected. The claim was properly pleaded.

We are of the opinion the court erred in sustaining the demurrer to the amended complaint without leave to amend the pleading. ■ It has been recently held the right of action for the loss or destruction of property, either in existence or in expectancy, survives the death of the tort feasor, and may be maintained against his estate as provided by section 574 of the Probate Code. (*Hunt* v. *Authier, supra; Moffat* v. *Smith,* 33 Cal.2d 905 [206 P.2d 353]; *Nash* v. *Wright,* 82 Cal.App.2d 475 [186 P.2d 691].) In the Hunt case, *supra,* the complaint alleged that Dr. Verne C. Hunt was shot and killed by Ephrem Mounsey, who then took his own life. The doctor's surviving widow and children brought suit against the duly appointed administratrix with the will annexed of the estate of Mounsey, deceased, based on a rejected claim which was filed in that estate for $150,000 damages ''for waste and destruction of their property, property rights and estate.''

The trial court sustained defendant's demurrer to the complaint without leave to amend. On appeal the Supreme Court held that the action for wrongful death of Dr. Hunt, under section 377 of the Code of Civil Procedure, survived the death of the tort feasor. It was held that the action was properly maintained under section 574 of the Probate Code, since the complaint alleged waste and destruction of plaintiffs' property and estate. The word "property" as it is used in the last mentioned section was construed to include property in being or in expectancy. In the present case the destruction of tangible personal property in existence at the time of the accident is alleged and relied upon. In the Hunt case the judgment which was rendered pursuant to the order sustaining the demurrer was reversed.

In the Moffat case, *supra,* which was based upon facts similar to those of the present action, a judgment of dismissal which was rendered pursuant to an order sustaining a demurrer to the complaint without leave to amend the pleading was reversed by this court with direction to overrule the demurrer. That suit also grew out of an automobile collision in which the plaintiff was personally injured as the result of alleged negligence of the defendant, who subsequently died. A claim for said damages was duly filed against the estate of said deceased. It was rejected. The complaint and the claim included alleged property damages in the sum of $50,000 for loss of earning ability as a result of the personal injuries received. This court held, in accordance with the Hunt case, that the action survived the death of the tort feasor, and that the suit was properly maintainable under section 574 of the Probate Code. Upon hearing of the Moffat case by the Supreme Court, the decision of this court was approved and adopted.

In the case of *Nash* v. *Wright,* 82 Cal.App.2d 467 [186 P.2d 686], the surviving widow and children of Ned A. Nash, who was killed in an automobile casualty, brought suit for damages for unlawful death caused by the negligence of the alleged tort feasor. The trial court directed a verdict for the defendants. On appeal that judgment was reversed. After the appeal in that case had been taken, one of the defendants, B. W. Belyea, died, and the executor of his will was appointed and qualified. The executor was substituted as a party defendant. A claim was then presented to the estate for damages growing out of said automobile casualty, and disallowed. A separate appeal was taken from the order

substituting the executor for said deceased defendant, Belyea. It was contended the cause of action against Belyea abated upon his death, since the action was founded on tort. (Code Civ. Proc., § 340, subd. 3.) But the appellate court decided (*Nash* v. *Wright,* 82 Cal.App.2d 475 [186 P.2d 691]), that the cause survived under section 574 of the Probate Code, since the action included a demand for damages and destruction of plaintiff's property rights and estate, to wit, the loss of society, comfort and support of the plaintiffs, on account of the wrongful death of Mr. Nash. Upon the authority of the Hunt case, *supra,* the order of substitution of the executor was affirmed.

The foregoing authorities determine that, regardless of the proportion of damages sought for personal injuries as compared with damage to property, in a suit founded on tort, if the complaint alleges destruction of property interests or estate, the cause does not abate at the death of a tort feasor, but may be maintained under section 574 of the Probate Code. Those cases appear to be conclusive of this appeal, adversely to the respondent.

In this case it is further urged by the respondent that no cause for damage to property rights was adequately alleged because the claim which was filed in the estate states mere conclusions in that regard and therefore fails to sufficiently state a good cause of action. Assuming, without so deciding, that the presenting of a claim in the estate of a deceased tort feasor is a prerequisite to the maintenance of a suit for damages growing out of a tort, we are of the opinion the claim which was filed in this case was sufficient to inform the defendants and the administrator of the nature and amounts of the claim, including destruction and damage to the estate and property rights of plaintiff. The sufficiency of the claim which was filed in this case was not raised by special demurrer. It was therefore waived. (*Hunt* v. *Authier, supra.*) The Probate Code does not prescribe the details with which a claim against an estate must be presented. It is necessary to specify only such details as will inform the representative of the estate and the probate court of the amount and nature of the indebtedness. A creditor's claim is not required to be stated with the same detail and exactness of a pleading. (*Tabata* v. *Murane,* 24 Cal.2d 221, 230 [148 P.2d 605].) In the case of *Syler* v. *Katzer,* 12 Cal. 2d 348 [84 P.2d 137, 119 A.L.R. 422], it is said in that regard:

"The contention is then, that the claim was insufficient in form, and reliance is placed on such cases as *Etchas* v. *Orena,* 127 Cal. 588 [60 P. 45], and *Estate of Steuer,* 77 Cal.App. 584 [247 P. 211]. Without discussing these in detail, it may be said that there is no necessity that a creditor's claim be drafted with precision and completeness of a pleading. The only requirement is that it state such facts as will apprise the executor or administrator of the amount of the demand. (See *Standiford* v. *Cantrell,* 87 Cal.App. 736 [262 P. 800]; *United States Gypsum Co.* v. *Shaffer,* 7 Cal.2d 454 [60 P.2d 998].) The claim in the instant case clearly called to the attention of the executor the fact of the services, the period during which they were rendered (up to the time of death), and the amount demanded. If any uncertainty remained, it was incumbent upon the executor to call for clarification. . . ."

Regarding the waiver of a more specific claim, the court further said in the preceding case that:

". . . No demurrer was filed to the complaint on the ground relied upon herein, and the case was tried on other issues. The present contention appeared for the first time on motion for new trial. Under such circumstances, any formal defects in the creditor's claim must be deemed waived by the trial on the merits." (See, also, *Tabata* v. *Murane, supra.*)

In this case the demurrer to the complaint failed to specify the insufficiency of the claim.

Moreover, since the present case is founded upon damages arising solely from alleged tort, and not upon contract, we are of the opinion it was not necessary to file a claim with the estate of the deceased tort feasor, under section 707 of the Probate Code, as a prerequisite to maintaining the action against the estate under section 574 of that code. (*Kagee* v. *Bencich,* 27 Cal.App.2d 469 [81 P.2d 265]; *Thompson* v. *Byers,* 116 Cal.App. 214, 218 [2 P.2d 496]; *Hardin* v. *Sin Claire,* 115 Cal. 460 [47 P. 353]; *Millar* v. *Millar,* 51 Cal.App. 718, 728 [197 P. 811]; *People* v. *Hochwender,* 20 Cal.2d 181, 184 [124 P.2d 823]; *Leverone* v. *Weakley,* 155 Cal. 395, 401 [101 P. 304]; 11A Cal.Jur. § 506, p. 713; 125 A.L.R. 871.)

The judgment is reversed, and the court is directed to overrule the demurrer to the amended complaint and permit respondent to answer the pleading.

Adams, P. J., and Peek, J., concurred.