[Crim. No. 1707. In Bank.—February 23, 1912.]

## THE PEOPLE, Respondent, v. ERNEST J. DRAKE, Appellant.

CRIMINAL LAW—PLACING FEMALE IN CUSTODY FOR PURPOSES OF PROSTITUTION.—DETENTION UNDER RESTRAINT.—In order to constitute the offense of receiving money for or on account of "placing in custody any female for the purpose of causing her to cohabit with any male to whom she is not married," as defined by section 266d of the Penal Code, it is essential that the female in question shall have been "placed in custody" by the person charged, which necessarily implies that she must be placed where she is detained or kept in the charge or control of another, in some sort of restraint, so that she is not free to come or go or otherwise act as she pleases.

ID.—PERSUASION TO ENTER BAWDY-HOUSE.—The mere persuasion of a female to become a voluntary inmate of a house of ill-fame, as a prostitute, and the reception of the proceeds of her occupation, does not constitute a violation of that section.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Jas. K. Ross, for Appellant.

U. S. Webb, Attorney-General, J. Charles Jones, Depuⁱ Attorney-General, C. M. Fickert, District Attorney, and Freⁱ L. Berry, Assistant District Attorney, for Respondent.

SHAW, J.,—The defendant was convicted of the felony defined in section 266d of the Penal Code. The section is as follows:—

"Every person who receives any money or other valuable thing for or on account of his placing in custody any female for the purpose of causing her to cohabit with any male to whom she is not married, is guilty of a felony."

By this definition, in order to constitute the offense, it is made imperative that the female in question shall have been "placed in custody" by the person charged. The use of the words "in custody" necessarily implies that she must be placed where she is detained or kept in the charge or control of another, in some sort of restraint, so that she is not free to come and go or otherwise act as she pleases. (*Spring* v. *Dahlman*, 34 Neb. 692, [52 N. W. 567]; *Wilkes* v. *Slaughter*, 10 N. C. 216; Century Dic.)

That this is the correct interpretation of the section is further demonstrated by its legislative origin and history. It was first enacted as section 4 of the act of March 23, 1893, entitled, "An act to prevent compulsory prostitution of women, and the importation of Chinese or Japanese women for immoral purposes, and to provide penalties therefor." (Stats. 1893, p. 217.) There are six sections of the act. This particular offense was thereby made a misdemeanor only. The title shows the general purpose to be to prevent forcible detention of women for prostitution, and the provisions of the several sections are directed against the kidnapping of women and the holding of them in restraint for that purpose, or for illicit sexual intercourse. In the revision of the Penal Code in 1901, these sections were incorporated therein, and all the offenses defined were declared to be felonies. (Stats. 1901, p. 448.) This revision was held unconstitutional in *Lewis* v. *Dunne*, 134 Cal. 291, [86 Am. St. Rep. 257, 55 L. R. A. 833, 66 Pac. 478.] In 1905 they were again inserted in their present form in the Penal Code as sections 266a to 266f, inclusive. (Stats. 1905, p. 655.) Placing them in the code did not change their meaning or effect.

There is no evidence of such custody. The most that can be said of the conduct of the defendant is that he persuaded the girl in question, who was then, and had been for a considerable time before, a prostitute, but who was not his wife, to go to a bawdy-house and there follow the same practice during the greater part of every night, and that he received from her a large part or all of the money she obtained thereby. It does

not appear that either the defendant, the keeper of the bawdy-house, or any other person exercised any restraint or control over her actions, or prevented or attempted to prevent her from leaving the place at any time she chose. The conduct of defendant was exceedingly immoral, reprehensible, and degrading. But he did not place the girl in custody, he merely persuaded her to become a voluntary inmate of a house of ill-fame, as a prostitute, and received the proceeds of her occupation. This, the statute, at that time, did not denounce as a felony. The acts charged were done prior to the passage of the act of February 8, 1911, making such conduct, designated therein as "pandering," a felony. (Stats. 1911, p. 9.) The evidence does not show a violation of the section above quoted, under which the defendant was prosecuted. The verdict was contrary to the law and the evidence.

The judgment is reversed.

Angellotti, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.