[Civ. No. 4823.   Third Appellate District.—April 28, 1933.]

LOIS CHAMBERS, etc., Respondent, v. J. L. DAVIS et al., Appellants.

Sherwood Green for Appellants.

Barcroft & Barcroft for Respondent.

THOMPSON, J.—This is an appeal from a writ of *mandamus* directing a board of school trustees to pay petitioner, under the provisions of section 5.730 of the School Code, the same salary for her services as permanent teacher of physical education as that which is paid to a male teacher in the same school for like services.

The petition alleges that respondent has been a successful teacher of general physical education and hygiene in the Madera Union High School for more than three consecutive school years next prior to May, 1932; that she is fully qualified and holds valid unrevoked credentials legally authorizing her to teach that subject in any public school of California; that she had acquired legal classification as a permanent employee of that school, which has not been terminated by operation of law or otherwise; that the subject of physical education which she was employed to teach has not been discontinued in that school, but upon the contrary that her classes increased in the number of students from year to year; that the sum of $1760 per year is a reasonable salary for such services in that school, which sum she is willing to accept, and that the Board of Trustees, influenced by bias and prejudice, in bad faith, with the object of compelling her to abandon her employment in said school, tendered her a contract for the continuation of her services as teacher of physical education for the school year commencing in the fall of 1932 for the unreasonable and inadequate salary of only $1200 a year. The petition asks for a writ of *mandamus* requiring the Board of Trustees to fix this respondent's salary at the sum of $1760 per annum.

To this petition the Board of Trustees filed a general demurrer, which was overruled. The cause was heard on its merits. The court found all of the allegations of the petition to be true, and that the sum of $1760 per year is a reasonable salary for the year 1932–33 in that school for the services which are performed by the petitioner. A writ of *mandamus* was thereupon issued, directing the Board of Trustees to fix and pay petitioner for her services as permanent teacher of physical education for the school year of 1932–33 the sum of $1760. From this decree the defendants have appealed.

The appellants contend the petition fails to state facts sufficient to authorize the issuing of a writ of *mandamus* because it contains no specific allegation that the respondent holds a county certificate authorizing her to teach physical education in the schools of Madera County, and for the reason that boards of trustees of high school districts have the absolute discretion to determine the value of employees' services and to fix and allow teachers' salaries, which may

not be interfered with by a court. It is insisted the evidence fails to show that the petitioner was ever classified by the Board of Trustees as a permanent teacher of that school and that she was therefore not entitled to a contract of re-employment at any salary whatever. It is also asserted the evidence fails to show that the sum of $1200 a year is an unreasonable or inadequate salary for a teacher of physical education in that school, but upon the contrary that it is full market value of such services.

We are of the opinion the petition states facts sufficient to constitute the special proceeding authorizing the issuance of a writ of *mandamus* to compel a board of trustees to fix and allow a permanent teacher a reasonable salary for services for instruction in a particular subject. *Mandamus* is the proper remedy. (*Dutart* v. *Woodward,* 99 Cal. App. 736 [279 Pac. 493.].) The petition alleges that the respondent is "duly qualified to teach the subject of general physical education and hygiene in the public schools of the state of California, and holds valid unrevoked credentials permitting her to teach said subject *in any of the public schools of said state of California"*. Without a valid unrevoked certificate which is filed in the office of the county superintendent of schools, a board of trustees has no legal authority to employ a teacher. (Sec. 5.420, School Code.) The petition alleges that respondent holds valid unrevoked credentials permitting her to teach in any public school in California. Moreover, it alleges that she was employed in that school and that she successfully taught physical education in the Madera Union High School for more than three successive years next preceding the month of May, 1932. It may not be presumed the appellants violated the inhibition of the statute last cited and employed the petitioner for three successive years without first ascertaining that she held proper credentials which were duly registered. The allegation that she was "duly qualified" to teach that subject *"in any of the public schools of said state of California"* necessarily includes the high school of Madera. To this statement there was added the assertion that she "holds valid unrevoked credentials" authorizing her to teach in all public schools of California. These allegations are adequate as against a general demurrer.

The appellants contend Mrs. Chambers was never actually classified by the Board of Trustees of the Madera

Union High School District as a permanent teacher therein, that she was therefore not entitled, as a matter of law, to be re-employed and could not complain of any salary which the board saw fit to allow her.

There is no merit in this claim. The petition for a writ of *mandamus* alleges that she had been employed to instruct and successfully taught physical education in that high school "for more than three full consecutive years next preceding the month of May, 1932", and that "she had acquired a classification as a permanent employee of Madera Union High School District". These allegations are not denied. The petitioner testified she had taught physical education in the Madera High School for eight consecutive years prior to May, 1932. Mr. Petty, the clerk of the board, said she had taught in that school under that particular classification during his entire term as a trustee therein, which was more than five years. The written notice of re-employment which was addressed to her and served upon her in 1932 contains the following admission of actual classification as a permanent teacher: "You have been classified by this board as a permanent employee under section 1609, third, Political Code, subject to acceptance of this offer." It appears without substantial conflict that the petitioner had been successfully employed as a teacher of physical education in that school for more than three years prior to May, 1932. The board was not authorized to *conditionally* classify her as a permanent teacher. Section 5.401 of the School Code provides that in the absence of formal dismissal and written notice thereof pursuant to sections 5.680–5.682 of the same code, a probationary teacher "shall be deemed re-elected from year to year". (*Volandri* v. *Taylor,* 124 Cal. App. 356 [12 Pac. (2d) 462].) No action was ever taken in the present case attempting to terminate her services as a teacher of that school. No charges were preferred against her. Her services must be deemed to have been satisfactory. After three consecutive years of successful employment in the Madera high school as a teacher of physical education and hygiene she was automatically entitled by operation of law to classification as a permanent teacher. The board had no power to deprive her of that vested right. (Sec. 5.500, School Code; *Owens* v. *Board of Education,* 68 Cal. App. 403 [229 Pac. 881, 882]. Section 5.500 of the School Code

provides: "Boards of school trustees . . . shall have power, *and it shall be their duty* to classify as permanent employees all persons . . . who shall have been successfully employed by the district for two or three complete consecutive school years in positions requiring certification qualifications."

In the Owens case, *supra*, the court says: "Thus a 'probationary' teacher is re-elected and re-employed annually until entitled to classification as a 'permanent' teacher, and the board of education is required to report the employment of such teacher annually to the county superintendent. This in itself is sufficient to meet the terms of the statute and the teacher thereby becomes automatically classified as a permanent teacher at the end of two years of successful service."

The appellants further contend that section 5.500 of the School Code, authorizing permanent tenure of teachers, was repealed without a saving clause (Stats. 1931, p. 1394), and that since she had never actually been classified as a permanent teacher, her right to that status was thereby forfeited; that section 5.501 of the same code, which was adopted in 1931, made it optional with school boards of districts "having an average daily attendance of less than 850 pupils" to determine whether the teacher who had served the school for more than three successive years should be classified as a permanent employee thereof, and that since this option was not affirmatively exercised in her favor she may not be deemed to have acquired the status of a permanent teacher under the tenure law.

The appellants are in error in assuming that section 5.500, *supra*, was repealed without a saving clause. In 1931, the legislature of California did specifically repeal sections 5.500 to 5.502, inclusive, of the School Code, which constituted parts of chapter III, article I, of that code. But as a part of the same repealing act, under the caption "Article I—Permanent" (teachers), section 5.500 was re-enacted in substantially the same language in which it formerly existed. Following this provision a new section numbered 5.501 was enacted, making it optional with trustees of districts having an average daily attendance of less than 850 pupils to award permanent tenure to teachers who had previously taught therein for three or more years. Two succeeding sections were enacted as a part of the same

article, the provisions of which do not apply to the present proceeding. Then section 5.504 followed in the same act of the legislature, as a part of article I, which reads: "Nothing in this article shall be construed as affecting any permanent employee classified as such at the time this section takes effect, nor shall any decrease in the average daily attendance of any school district operate to deprive any permanent employee of the district of his classification as such."

The foregoing section was undoubtedly intended as a saving clause to preserve vested rights of permanent tenure which had been previously acquired by teachers pursuant to section 1609 of the Political Code or section 5.500 of the School Code as they formerly existed. ■ It is a well-recognized rule that when a statute is repealed without a saving clause and as a part of the same act it is simultaneously re-enacted in substantially the same form and substance, all rights and liabilities which accrued under the former act will be preserved and enforced. (25 R. C. L. 934, sec. 186; *Perkins Mfg. Co.* v. *Clinton Const. Co.*, 211 Cal. 228, 237 [295 Pac. 1, 75 A. L. R. 439].) The able author of Ruling Case Law above cited says: "Where a statute is repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment neutralizes the repeal, and the provisions of the repealed act which are thus re-enacted continue in force without interruption so that all rights and liabilities that have accrued thereunder are preserved and may be enforced."

■ But the appellants claim that since the optional provision of section 5.501 was adopted in 1931 authorizing trustees of districts having an average daily attendance of less than 850 pupils to determine whether a teacher should be awarded the status of a permanent instructor, it became necessary for the petitioner to allege and prove that Madera Union High School District had a daily attendance of at least 850 pupils to entitle her to permanent tenure by operation of law. We may concede this would ordinarily be true.

This optional provision affecting the right of a teacher to permanent tenure became the law of this state August 14, 1931. The petition in this case alleges that the respondent successfully taught physical education in the Madera high school "*for more than three full consecutive years next preceding the month of May, 1932*". The court found that

all of the allegations of the petition were true. This finding included the determination that the petitioner was entitled to classification as a permanent teacher. One of the trustees testified she had taught physical education in that school during his entire term, which was over five years. The petitioner testified that she had filled the position in that school without criticism for eight years prior to May, 1932. In support of the judgment in this case, it must therefore be assumed she automatically secured the status of a permanent teacher in that school by successfully teaching therein for more than three years before the optional provision of section 5.501 was enacted. The last-mentioned section, therefore, did not affect her right to permanent tenure as a teacher of that school. She had attained that vested right before it became the law.

The record contains ample evidence to show that the petitioner is a permanent teacher of Madera Union High School; that she acquired a vested right to be classified as such pursuant to the Teachers' Tenure Act of California, and that she was entitled to re-employment as instructor of physical education for the ensuing school year at a reasonable salary.

The question as to what sum constitutes a reasonable salary for services as a teacher in a public school depends upon the circumstances of each particular case. There are two teachers in the Madera Union High School who are classified as instructors of ''physical education and hygiene''. One of these teachers is a man by the name of Carlton Wood, and the other is this petitioner, who is a woman. The petitioner held this woman's position for eight successive years, performing her services without substantial criticism. In teaching this subject of physical training each of these instructors performed like services, except that one supervised boys' sports, and the other directed girls' sports. Prior to May, 1932, each of these instructors received exactly the same salary of $1960 a year. On account of the depression which exists the board reduced the salaries of all teachers in that school for the school year 1932–33 approximately ten per cent. Mr. Wood's salary was fixed at $1760 for the school year following May, 1932. But without reason, or criticism of the manner in which her services were performed, the petitioner was tendered a contract of re-

employment in her former position at a salary of only $1200 a year.

Under the provisions of section 5.731 of the School Code, it becomes the duty of boards of trustees "to fix and order paid the compensation of persons in public school service requiring certification qualifications". There can be no doubt the board possesses a reasonable discretion in determining the amount of compensation to be paid to teachers under their jurisdiction. Except for a clear abuse of this discretion the amount of salary which is allowed by the board may not be interfered with by a court. The law, however, does prohibit discrimination between the salaries of men and women who perform "like services" for the district. Section 5.730 of the School Code provides: "Females employed as teachers in the public schools in this state shall, in all cases, receive the same compensation as is allowed male teachers *for like services*, when holding the same grade certificates."

It is apparent the legislature intended by the adoption of the preceding section of the School Code to determine as a matter of law that it is unreasonable for a school board to allow a greater salary to a male teacher than that which is given to a female teacher of the same school for like services for which they hold the same grade certificates. There is no serious dispute in the present case that the services which were performed by Mr. Wood and Mrs. Chambers were alike. Their services were substantially the same. Their subjects were designated and classified in exactly the same terms. There appears to be no excuse for allowing the man $1760 a year and reducing the woman's salary to $1200. This action of the board constitutes an unfair discrimination. It is in direct violation of section 5.730 of the School Code. Since the board fixed Mr. Wood's salary at $1760 a year, that furnishes substantial evidence that a like sum constitutes a reasonable salary for the petitioner in payment for like services.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 27, 1933.