[Civ. No. 11976.   Second Appellate District, Division One.—March 14, 1939.]

In the Matter of the Estate of CHARLOTTE M. NAEGELY, Deceased.   NICHOLAS KOS, Executor, etc., et al., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent.

Frank Rouse, Julius V. Patrosso and Paul R. Cote for Appellants.

Louis Ferrari, Edmund Nelson and Hugo A. Steinmeyer for Respondent.

WHITE, J.—This is an appeal by the executor and certain legatees of the estate of the above-named decedent from the decree settling the first and final account of the executor and directing the payment of a claim of the respondent, Bank of America National Trust and Savings Association.

Prior to her death, on January 24, 1935, decedent executed to respondent bank a promissory note in the principal sum of $11,689.65, executing concurrently therewith and as security therefor a trust deed. The note remaining unpaid at the date of her death, respondent bank, within the time allowed by law, duly filed its creditor's claim with the executor, and such claim was in due course allowed and approved by the executor and the probate court. No payments having been made upon the note, and the same being in default, respondent bank on February 19, 1936, caused to be recorded in the office of the county recorder a notice of breach and election to sell the property described in the trust deed securing the note, as required by and in conformity with the provisions of section 2924 of the Civil Code. Thereafter, on June 16, 1936, the trustee named in the trust deed sold the real property therein described to the respondent bank for the total sum of $9,500, and after applying the proceeds of said sale to the payment of interest, advances, costs of sale and trustee's fees, there remained an unpaid balance of $3,637.35. Subsequent to such sale, however, respondent did not seek nor secure a judgment determining the amount of any deficiency.

Thereafter the executor filed his first and final account and petition for distribution, wherein it was alleged, among other things, that all claims presented and allowed against the estate had been fully paid, and prayed for an order directing that the balance remaining in his hands after the payment of costs of administration be distributed to the appellant legatees herein. To this account respondent bank filed written objections based upon the claim that there remained due

upon the promissory note the hereinbefore mentioned deficiency of $3,637.35, and prayed that the petition for distribution be denied and that the executor be directed to pay such balance to the respondent bank.

With the issues thus joined, the matter was heard by the court, at which proceeding the foregoing facts were stipulated. Thereupon the court found as true the facts above recited, but made no finding that respondent bank had complied with the provisions of section 580a of the Code of Civil Procedure, or that respondent had obtained a judgment determining the deficiency, if any, due upon the note. Thereafter the probate court signed and filed its decree settling the account, decreeing that the estate was insolvent, and the cash on hand in the possession of the executor insufficient to pay respondent's claim, directing the executor to sell, in the manner provided by law, the personal property specifically bequeathed by the will, and that the executor pay to respondent bank the sum of $3,637.35.

Appellants first contend that in the absence of evidence or finding that following the exercise of the power of sale contained in the trust deed securing the promissory note in question, respondent instituted an action to determine the deficiency, if any, resulting therefrom and obtained a judgment for such deficiency, the obligation of the deceased maker and her estate upon the note was discharged by the sale, and that the trial court erred in directing the payment of any amount thereon to the respondent. Section 580a of the Code of Civil Procedure, as enacted in 1933 and in effect at the time of the execution by decedent of the note here in question, imposes certain requirements whenever a money judgment is sought for the balance due upon an obligation after the sale of the security under a power of sale contained in a deed of trust or mortgage. This provision, as originally enacted in 1933, provided that it should remain in force until September 1, 1936, but in 1935 the legislature reenacted the section in identical terms, except that the reenactment provided that the terms thereof were to remain in force without any time limitation thereon. That such a reenactment did not constitute a repeal of the section as of the date of such reenactment is firmly established by our law. When a statute is repealed without a saving clause, and as a part

of the same act the law is simultaneously reenacted in substantially the same form and substance, all rights and liabilities which had accrued under the former act will be preserved and enforced. (25 R. C. L., p. 934, sec. 186; *Perkins Mfg. Co.* v. *Clinton Const. Co.*, 211 Cal. 228, 237 [295 Pac. 1, 75 A. L. R. 439].) In Ruling Case Law above cited, it is said: "Where a statute is repealed and all, or some, of its provisions are at the same time reenacted, the reenactment neutralizes the repeal, and the provisions of the repealed act which are thus reenacted continue in force without interruption, so that all rights and liabilities that have accrued thereunder are preserved and may be enforced." (See, also, *People* v. *Drake*, 162 Cal. 248, 249 [121 Pac. 1006]; *Chambers* v. *Davis*, 131 Cal. App. 500, 506 [22 Pac. (2d) 27]; *San Joaquin Irr. Co.* v. *Stevinson*, 164 Cal. 221, 234 [128 Pac. 924].) Therefore section 580a of the Code of Civil Procedure, being in force on January 24, 1935, when the note was executed, continued in effect and determined the rights and liabilities of both the maker and holder thereof up to and following the date of the foreclosure sale under the trust deed on June 19, 1936.

■ It is the contention of respondent bank that neither section 580a of the Code of Civil Procedure nor section 2924½ of the Civil Code have any application to the facts of this case, for the reason, as asserted by respondent, that "we are not here concerned with a judgment for a deficiency". Respondent's position is that section 580a does not become applicable unless and until an *action* is instituted after sale under a deed of trust to recover a deficiency. In other words, respondent insists that having filed its claim in the estate proceeding, and the same having been allowed and approved, when the sale of the security did not produce sufficient to pay the approved claim, the claimant was entitled to have the balance of such approved claim paid by the estate; that the proceeds from the sale of the security amounted merely to a payment on account. This claim is based on the contention that when a claim in probate has received approval and allowance it has the same effect as a judgment and must be satisfied in full from the assets of the estate. It is, however, well settled that the allowance of a claim is not equivalent to an ordinary judgment; that it possesses the character

of a judgment only in a qualified sense, becoming absolute only when the court orders the executor or administrator to pay it. Up to that time it is simply an *acknowledged debt* of the estate. (*Estate of Bell,* 168 Cal. 253 [141 Pac. 1179].) In the instant case, however, the executor and legatees do not deny the validity of the claim as originally filed and approved, but are contending that the debt in question has been paid and satisfied in full by reason of the foreclosure of the security under circumstances which bring the situation within the purview of section 580a of the Code of Civil Procedure, and which foreclosure, by reason of the provisions of such section, operates to discharge the debtor from further liability. This claim the executor as well as the legatees, had a right to assert. (*Wise* v. *Williams,* 88 Cal. 30 [25 Pac. 1064].)

That by the filing of the final account and petition for distribution and respondent creditor's objections thereto, the issues were legally framed, cannot be disputed. No other pleadings were necessary. The only provision for filing any pleading in a proceeding for the settlement of an account is that which authorizes "written exceptions to the account". When the executor filed his account and petition for distribution, alleging therein that all debts of the estate had been paid, and respondent bank interposed written objections thereto on the ground that it was an unpaid claim, issue was joined, and the court was authorized to determine such issues upon the agreed stipulation of facts presented thereunder.

Respondent's claim that a creditor, having filed a claim which was allowed and approved, and thereafter having foreclosed the security, is entitled to payment of the difference between the amount obtained on the sale and the full amount of the approved claim out of the assets of the estate the same as any other unsecured creditor, cannot be upheld. Conceding the existence of this right, generally speaking, nevertheless, in the case before us such right is now subject to the provisions of section 580a of the Code of Civil Procedure and dependent upon a compliance therewith. This is equally true of the rights of the holder of an obligation secured by a deed of trust against the estate of a deceased maker as it is of the rights of the holder of such an obligation against a living maker thereof. Respondent was not precluded from instituting an appropriate proceeding under section

580a by the fact that its claim had been approved and that an action cannot be brought against an estate except upon a disallowed claim. This rule has no application to secured claims. (11B Cal. Jur. 433, sec. 998, and authorities therein collected.) Respondent having failed to commence an action to secure a judgment pursuant to the terms of section 580a of the Code of Civil Procedure, it was not entitled to payment of any sum in addition to that obtained by it upon foreclosure of the security.

The conclusion just stated renders it unnecessary for us to detemine the applicability of section 2924½ of the Civil Code to the facts of the case at bar, nor do other points raised require our consideration.

The decree appealed from is reversed and the cause remanded with directions to the court below to enter a decree settling the executor's final account and ordering distribution in accordance with the prayer of the petition therefor.

York, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 4, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 13, 1939.