[Civ. No. 15648. Second Dist., Div. Three. July 2, 1947.]

CITY OF LOS ANGELES, Appellant, v. MATTIE V. HOWARD, as Administratrix, etc., Respondent.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, and Edwin F. Shinn, Deputy City Attorney, for Appellant.

C. F. Jorz for Respondent.

KINCAID, J. pro tem.—The complaint herein alleges that an employee of plaintiff, while acting within the course and scope of his employment, received bodily injuries which were proximately caused by the negligence of Louis M. Howard, since deceased; that plaintiff, as a result of such injuries furnished medical attention and paid compensation to its said employee pursuant to the provisions of division 4 of the Labor Code of the State of California, in the sum of $3,652; that plaintiff subsequently filed a claim for the repayment to it of such sum with Mattie V. Howard, as administratrix of the estate of said tort feasor, which claim was rejected in full.

Appeal is taken by plaintiff from a judgment of dismissal entered after defendants' oral general demurrer was sustained without leave to amend upon the ground that plaintiff's cause of action abated upon the death of the tort feasor.

The sole question presented for determination herein is whether an employer may maintain an action against the estate of a deceased person to recover the money he has expended under the provisions of division 4 of the Labor Code because of injury to or death of his employee, proximately caused by the negligence of such person during his lifetime? Our answer to this query is in the affirmative.

The cause of action alleged in plaintiff's complaint differs from the injured employee's common law action for damages. The Legislature, by the enactment of section 3852 of the Labor Code, created a new cause of action for the employer entirely separate and distinct from the right of action

of the employee. (*Limited Mutual etc. Ins. Co.* v. *Billings,*
74 Cal.App.2d 881, 882 [169 P.2d 673].)

Section 3852 of the Labor Code (Div. 4, pt. 1, ch. 5) pro-
vides: ''The claim of an employee for compensation does not
affect his claim or right of action for all damages proximately
resulting from such injury or death against any person other
than the employer. Any employer who pays, or becomes obli-
gated to pay compensation, or who pays, or becomes obligated
to pay salary in lieu of compensation, may likewise make a
claim or bring an action against such third person. In the
latter event the employer may recover in the same suit, in
addition to the total amount of compensation, damages for
which he was liable including all salary, wage, pension, or
other emolument paid to the employee or to his dependents.''

█ It being thus clearly apparent that the plaintiff herein
would have had a good and sufficient cause of action against
the decedent during his lifetime for recovery of the moneys so
expended, our next problem is as to whether such cause of
action survives his death and may be prosecuted against his
estate.

Section 574, Probate Code, provides, in part: ''[A]ny per-
son, or the personal representative of any person, may main-
tain an action against the executor or administrator of any
testator or intestate who in his lifetime has wasted, destroyed,
taken, or carried away, or converted to his own use, the prop-
erty of any such person or committed any trespass on the real
property of such person.'' In the recent case of *Hunt* v.
*Authier,* 28 Cal.2d 288, 295 [169 P.2d 913], our Supreme
Court has declared that the substitution by the Legislature
of the all-inclusive word ''property'' for the term ''goods
and chattels'' shows an intent to recognize every property
right or interest as ''property'' and to place no restrictions
or limitations on the type of property for the injury for which
compensation may be recovered from the estate of the wrong-
doer and to make no distinction as to the method by which
such destruction or injury is effected.

The payment by plaintiff of money for medical attention
and compensation to its injured employee pursuant to the
obligation imposed upon it by the provisions of the Labor
Code caused a property injury to plaintiff within the meaning
of section 574, Probate Code. (*Morris* v. *Standard Oil Co.,*
200 Cal. 210, 214 [252 P. 605]; *Hunt* v. *Authier, supra,*
p. 296.) Plaintiff's complaint against the administratrix of
the estate of the tort feasor for recovery of the moneys so

expended stated a proper cause of action and the demurrer of defendant should have been overruled.

The judgment is reversed with directions to the trial court to make an order overruling the oral general demurrer of defendant.

Shinn, Acting P. J., and Wood, J., concurred.