[Sac. No. 5997.  In Bank.  May 31, 1949.]

EUGENE ALAN MOFFAT, Appellant, v. BESSIE B. SMITH, as Executrix, etc., Respondent.

David S. Folsom for Appellant.

Chester O. Hansen and John Said for Respondent.

Maurice E. Harrison and Moses Lasky as Amici Curiae on behalf of Respondent.

THE COURT.—The majority opinion of the District Court of Appeal of the Third Appellate District is adopted as the opinion of this court. It is as follows:

"Plaintiff brought this action seeking the recovery of damages for injuries sustained in an automobile collision alleged to have been due to carelessness and negligence on the part of one David D. Copenhaver. The latter having died subsequent to the accident, the action was brought against the executrix of his last will.

"Plaintiff's complaint alleges that because of the negligence of Copenhaver plaintiff sustained injuries which will prevent

him from carrying on his occupation as a chemical engineer, and from advancing in his profession as such; that he would otherwise be capable of earning large amounts of money, and that, because of his injuries, he has been deprived, and will be deprived in the future, of great gains and profits which he might otherwise have made, to his damage in the sum of $50,000. It further alleges that plaintiff filed a claim against Copenhaver's estate which was rejected. A copy of said claim is made a part of the complaint. Therein $50,000 is claimed 'For loss of future potential earnings as a result of injuries received in an automobile accident . . . said injuries having been caused by the carelessness and negligence' of the deceased. A demurrer was filed by respondent on general grounds and on the ground that the alleged cause of action abated with the death of Copenhaver. Said demurrer was sustained without leave to amend, the action was dismissed, and this appeal followed.

"The only question presented here is did plaintiff's cause of action for loss of future potential earnings abate with the death of the negligent tort feasor.

"Section 574 of the Probate Code, as enacted in 1931, provides:

" 'Executors and administrators may maintain an action against any person who has wasted, destroyed, taken, or carried away, or converted to his own use, the property of their testator or intestate, in his lifetime, or committed any trespass on the real property of the decedent in his lifetime; and any person, or the personal representative of any person, may maintain an action against the executor or administrator of any testator or intestate who in his lifetime has wasted, destroyed, taken, or carried away, or converted to his own use, the property of any such person or committed any trespass on the real property of such person.'

"The foregoing section was considered and applied in *Hunt* v. *Authier,* 28 Cal.2d 288 [169 P.2d 913, 171 A.L.R. 1379], and appellant premises his right to recover upon that decision. In that case one Mounsey killed a Dr. Hunt, and then took his own life. Hunt's surviving widow and children filed a claim against the estate of Mounsey for waste and destruction of their property, their property rights and estate. The court said that the legislative tendency may be said to enlarge rather than to restrict the causes of rights of action which will survive; and in construing section 574, *supra,* said, page 292:

" 'The statute does not use express words of "survival." Nevertheless the section affords the right to maintain actions after the death of those who could have been plaintiffs or defendants if they had lived, in cases of injury to property, and to that extent has created a departure from the common law rule that actions ex delicto do not survive. The fact that the complaint states facts which would have constituted a cause of action against the tort feasor in his lifetime does not foreclose the maintenance of the same or a similar cause of action to the extent authorized by section 574.'

"It also stated, pages 296-297:

" 'Injuries suffered by the plaintiffs by the lessening of their estate and the invasion and deprivation of their pecuniary interest and right to future support from their decedent by the commission of the wrongful act is as much a destruction of or injury to property as was involved in the foregoing cases; and the tort likewise in this case should be deemed to be an invasion of their property rights within the meaning of the present statute. Where the courts have not held such losses to be injuries to property, it has been due to a reluctance to depart from ancient judicial declarations or to the absence of a statute designed to modify the old rule of nonsurvival. The Legislature has definitely spoken by the amendment of our statute so as to enlarge the class of property rights and interests which shall receive protection in the event of the death of the wrongdoer. Where the Legislature has so provided the courts should not countenance a tortious deprivation of property without redress.

" 'It follows that wherever a plaintiff has sustained an injury to his "estate," whether in being or expectant, as distinguished from an injury to his person, such injury is an injury to "property" within the meaning of that word in the present statute. The plaintiffs have therefore stated a cause of action for recovery from the defendants of the material losses sustained, including the present value of future support from their decedent considering their respective normal life expectancies, but exclusive of any damages for such items as loss of consortium, comfort or society of the decedent.'

"And while in that case it was the right of the survivors of a decedent whose life had been taken by the action of the tort feasor that was involved, it would be an anomaly to hold that their right to future support from their decedent constituted property within the provisions of section 574, *supra,* but that the right of the surviving victim of the tort to his

own future support is not. And when the court in the Hunt case said that when a plaintiff has sustained an injury to his 'estate,' whether in being or expectant, such injury is an injury to property, it laid down a rule which governs in the case before us. . . ."

The judgment is reversed with directions to overrule the demurrer.

SPENCE, J.—I dissent. The majority opinion rests upon the decision in *Hunt* v. *Authier*, 28 Cal.2d 288 [169 P.2d 913, 171 A.L.R. 1379]. I adhere to the views expressed in my dissenting opinion in that case, and I would therefore affirm the judgment.

Edmonds, J., and Schauer, J., concurred.