[L. A. No. 21449. In Bank. Dec. 12, 1950.]

WILLIAM E. CORT, JR., Appellant, v. RALPH A. STEEN, as Administrator, etc., Respondent.

438

Rodney F. Williams, Hunter & Liljestrom, Newlin, Holley, Sandmeyer & Tackabury for Appellant.

Belli, Ashe & Pinney, Demler & Eckert and Sefton & Quattrin, as Amici Curiae on behalf of Appellant.

Parker, Stanbury, Reese & McGee and White McGee, Jr., for Respondent.

SHENK, J.—This is an appeal from a judgment following an order sustaining the defendant's demurrer to the complaint without leave to amend. The action is based on the alleged negligence of Emerald J. Steen when her automobile, in which the plaintiff was riding as a passenger, collided with a truck. The collision occurred on April 24, 1947. Thereafter Emerald J. Steen died. The action was commenced on January 9, 1948, against the administrator of her estate after the rejection of a claim. A first cause of action alleged injuries to the person, and a second damage to property. As the event of the death

of Emerald J. Steen indicates, the case involved questions of the survival of the alleged causes of action as against her administrator.

At common law the maxim *actio personalis moritur cum persona* applied to abate both causes of action upon the death of either party. Prior to the accident and the filing of the complaint herein, the survivability of an action for property damage against the estate of a deceased tort feasor had been determined in favor of beneficiaries under a death statute (Prob. Code, § 574; *Hunt* v. *Authier* (1946), 28 Cal.2d 288 [169 P.2d 913, 171 A.L.R. 1379]). After the entry of the judgment and the filing of a notice of appeal *Moffat* v. *Smith* (May, 1949), 33 Cal.2d 905 [206 P.2d 353], applied the rule of the survival of a cause of action for property damage where the plaintiff had also suffered personal injuries through the negligence of the deceased tort feasor. During the pendency of the appeal in the present action a statute providing for the survival of tort actions founded on personal injury and death, became effective. (Stats. 1949, ch. 1380, p. 2400.) The trial court's judgment was based on a determination that neither the alleged cause of action for personal injuries nor the cause for property damage survived the death of the tort feasor. This appeal therefore raises questions of the survival of the respective causes of action under the statutes in view of the death of the tort feasor prior to the effective date of the 1949 act.

The determination in *Hunt* v. *Authier* and cases following it (*Moffat* v. *Smith, supra; Smith* v. *Stuthman,* 79 Cal.App.2d 708 [181 P.2d 123]; *City of Los Angeles* v. *Howard,* 80 Cal. App. 2d 728 [182 P.2d 278]; *Nash* v. *Wright,* 82 Cal.App.2d 475 [186 P.2d 691]; *Mecum* v. *Ott,* 92 Cal.App.2d 735 [207 P.2d 831]), rested on the construction of section 574 of the Probate Code providing for survival in cases of damage to property. The 1949 statute added the following sentence to that section: "This section shall not apply to an action founded upon a wrong resulting in physical injury or death of any person." At the same session and by the same enactment the Legislature added section 956 to the Civil Code to provide: "A thing in action arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer or any other person liable for damages for such injury, nor by reason of the death of the person injured or of any other person who owns any such thing in action.

When the person entitled to maintain such an action dies before judgment, the damages recoverable for such injury shall be limited to loss of earnings and expenses sustained or incurred as a result of the injury by the deceased prior to his death, and shall not include damages for pain, suffering or disfigurement, nor punitive or exemplary damages, nor prospective profits or earnings after the date of death. The damages recovered shall form part of the estate of the deceased. Nothing in this article shall be construed as making such a thing in action assignable.'' Section 573 of the Probate Code was also amended to make such actions maintainable by or against administrators or executors of the respective deceased persons who would have been plaintiffs or defendants had they lived.

The defendant contends that the plaintiff's cause of action as to property damage fell with the amendment of section 574 of the Probate Code; and that prospective operation of the addition to the Civil Code precludes recovery as to both causes of action.

The basis of survival under *Hunt* v. *Authier* (28 Cal.2d at p. 290), and therefore under *Moffat* v. *Smith,* was the existence of a cause of action against the tort feasor at the time of his death.  By section 574 of the Probate Code survival was limited to recovery for damage to property as defined in those cases. The 1949 act did not constitute a repeal of the survival provision as it related to such recovery. Survival to that extent in personal injury and death cases was lifted from the Probate Code and with extensions was included in section 956 of the Civil Code. There was therefore in effect at all times involved herein a survival provision applicable to the cause of action for property damage. (*Estate of Martin,* 153 Cal. 225 [94 P. 1053]; *San Joaquin etc. Irr. Co.* v. *Stevinson,* 164 Cal. 221, 234 [128 P. 924]; *Perkins Mfg. Co.* v. *Clinton Const. Co.,* 211 Cal. 228, 237 [295 P. 1, 75 A.L.R. 439]; *Sekt* v. *Justice's Court,* 26 Cal.2d 297, 306 [159 P.2d 17, 167 A.L.R. 833]; *Chambers* v. *Davis,* 131 Cal.App. 500, 506 [22 P.2d 27]; *Gastineau* v. *Meyer,* 131 Cal.App. 611, 618 [22 P.2d 31]; *Estate of Naegely,* 31 Cal.App.2d 470, 473 [88 P.2d 715].) Since there was no break in the continuous operation of a survival provision as to property damage, the doctrine of statutory continuity declared in the above cases supports the alleged cause of action for such damages.

Prior to 1949 there was no provision under the law of this state for the survival of actions to recover for personal injuries. If the statutory provisions for survival affect only the

remedy or procedure, the conclusion would follow that in the absence of an express provision the enactment applies as well where a party died prior to its effective date. (*San Bernardino County* v. *Industrial Acc. Comm.*, 217 Cal. 618, 628 et seq. [20 P.2d 673].) That case also indicates when retrospective application express or implied will be invalid as an impairment of vested rights.

No express provision concerning retroactive or prospective operation was included in the 1949 statute. Whether such a provision was considered does not appear. (See *Survival of Tort Actions, a Proposal for California Legislation,* Lawrence Livingston, 37 Cal.L.Rev. 63; *cf.* Recommendations of the Law Revision Commission to the Legislature Relating to Survival of Causes of Action for Personal Injury, State of New York Law Revision Commission Report, Recommendations and Studies 1935, p. 159 at 166.) The New York Commission recommended to its Legislature an express provision that the survival statute apply to all causes of action arising after the effective date, and that all causes arising before the effective date be governed by existing law. A Wisconsin survival statute expressly provided that the act should not apply to pending litigation. (See *Kertson* v. *Johnson,* 185 Minn. 591 [242 N.W. 329].) A provision merely that causes of action arising before the effective date of the survival statute be governed by the existing law might be subject to the construction that survival would not result where the cause arose before, but death occurred after, the effective date. It may be assumed that for this reason such a provision was not included in our statute. On the other hand the Legislature might have doubted the validity of a provision for the application of the statute where death occurred prior to the effective date because of possible interference with vested rights. (See *In re Killough's Estate,* 148 Misc. 73 [265 N.Y.S. 301, 318]; *Herzog* v. *Stern,* 264 N.Y. 379 [191 N.E. 23].) Therefore, if legislative intent be material, that intent without express provision could well be that the law in force at the time death occurred should apply.

This effect of the omission of an express provision is also indicated from a brief consideration of the nature of survivability in tort actions. In spite of the vagueness of its origin, the uncertainty of its meaning, and the criticism to which it has been subjected, the maxim *actio personalis moritur cum persona* has become firmly imbedded in the law. (See collection of cases and texts in Report of the New York Law Revi-

sion Commission, *supra*, pp. 172-179.) Courts have treated the phrase as referring not merely to the remedy, but to the right or cause of action itself. Thus "abatement" as used in determining the effect of the nonsurvivability doctrine, did not have the same meaning as abatement of actions which could be revived for or against personal representatives. Under the doctrine the abatement of the action by the death of the injured person through the tort feasor's act or otherwise, or by the death of the tort feasor, was deemed to abate the wrong as well. For in legal concept death was considered not to be an injury. (*Baker* v. *Bolton* (1808), per Lord Ellenborough, 1 Camp. 493, 170 Eng.Rep. 1033.) Recovery was solely punitive, and the deceased's representatives had not received or committed the wrong in their personal capacities (3 Bl.Comm. 302.) Since death "discharged," "terminated" (Restatement of Torts, § 900), or "dissolved" the cause (see Winfield, *Death as Affecting Liability in Tort*, 29 Columb.L.Rev. 239), a survival statute was deemed to create a right or cause of action, rather than to continue an existing right, or to revive or extend a remedy theretofore accrued for the redress of an existing wrong. (*In re Killough's Estate*, 148 Misc. 73 [265 N.Y.S. 301, 316]; *Chubbuck* v. *Holloway*, 182 Minn. 225 [234 N.W. 314, 868]; *Kertson* v. *Johnson, supra,* 185 Minn. 591 [242 N.W. 329]; *cf. Aetna Casualty & Surety Co.* v. *Industrial Acc. Comm.,* 30 Cal.2d 388, 392-393 [182 P.2d 159] and *Jacobus* v. *Colgate,* 217 N.Y. 235 [111 N.E. 837]; contra; *Austin's Adm'r* v. *Pittsburg etc. Ry. Co.,* 122 Ky. 304 [91 S.W. 742], the remedy alone.)

From the foregoing it seems reasonable to say that here no "right" to recover for personal injuries existed at the time the 1949 statute became effective and the statute should not apply. We conclude that as to the first cause of action the demurrer was properly sustained, but that as to the second cause of action the demurrer should have been overruled.

The judgment is reversed and the cause remanded with directions to the trial court to overrule the demurrer as to the second cause of action and to permit the defendant to file an answer thereto if so advised.

Gibson, C. J., Carter, J., and Traynor, J., concurred.

SPENCE, J.—I dissent. Neither the first nor second count of plaintiff's complaint alleges a cause of action for "damage to property," as stated in the majority opinion, unless the word "property," as used in section 574 of the Probate Code,

is given the unwarranted meaning accorded to it in *Hunt* v. *Authier*, 28 Cal.2d 288 [169 P.2d 913, 171 A.L.R. 1379], and *Moffat* v. *Smith*, 33 Cal.2d 905 [206 P.2d 353]. Both counts relate only to damages which are alleged to have arisen out of personal injuries.

It is conceded in the majority opinion that "Prior to 1949 there was no provision under the law of this state for the survival of actions to recover for personal injuries." The accident here occurred in 1947 and the alleged tort feasor, Emerald J. Steen, died prior to the commencement of this action in 1948. It is therefore clear that the views stated by the majority of this court in *Hunt* v. *Authier, supra,* and *Moffat* v. *Smith, supra,* constitute the only justification for holding that a cause of action is stated in either count of plaintiff's complaint. I am of the opinion that the above-mentioned cases were incorrectly decided and that they should be overruled. My views were set forth at some length in the dissenting opinion in *Hunt* v. *Authier, supra.* It would serve no useful purpose to repeat them here or to discuss the effect of the 1949 amendment to section 574 of the Probate Code, which clarified the meaning of that section if any clarification was needed.

I would affirm the judgment.

Edmonds, J., and Schauer, J., concurred.