**STATE COMPENSATION INS. FUND v. PROCTOR & SCHWARTZ, Inc.**

Civ. A. No. 12831.

United States District Court
E. D. Pennsylvania.
Jan. 23, 1952.

452

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Henry, Philadelphia, Pa., for defendant.

CLARY, District Judge.

The State Compensation Insurance Fund of the State of California has brought this action against Proctor and Schwartz, Incorporated, a citizen of the Commonwealth of Pennsylvania, the only jurisdictional ground alleged being diversity of citizenship. It is an action to recover sums paid by the plaintiff to John C. Turner, an employee of Consolidated Chemical Industries, Inc., a California corporation. The plaintiff herein, State Compensation Insurance Fund, carried workmen's compensation liability for the injured man's employer. On August 6, 1948, Turner was injured while installing equipment in the California plant of his employer allegedly because of the negligence of one of the present defendant's employees who was supervising the installation of the equipment. Turner instituted timely action in the Courts of California against the present defendant to recover damages for his injuries. The plea of lack of jurisdiction was interposed in that court by the present defendant and upon proper motion the action was dismissed on the ground that the defendant was not subject to the jurisdiction of the California courts.

As a result of the injuries to John C. Turner, under appropriate California statutes which provide for workmen's compensation payments from employers, the present plaintiff as compensation insurance carrier for the employer paid to Turner the sum of $6857.28 as benefits and for medical treatment the sum of $1545.41, a total of $8402.69. Under Section 3852 of the Labor Code of California, plaintiff became entitled to sue in its own name for the recovery of the amounts paid.

On October 16, 1951 action was instituted in this Court by the Insurance Fund against the defendant for recovery of the sums so paid under the California statute. As third defense in its answer to the complaint, defendant pleaded the bar of the statutes of limitations of both the Commonwealth of Pennsylvania and the State of California. Plaintiff thereupon moved to strike the defense as insufficient and defendant countered with a motion to dismiss the action for failure to state a claim upon which relief could be granted, and further because the action is barred by the respective statutes of limitation.

There are two crucial questions to be resolved in the consideration of the motions presently before me. The first concerns the nature of the cause of action asserted by the plaintiff, and the second relates to the question of which statute of limitation to apply, that of Pennsylvania or that of California.

Plaintiff's argument, simply stated, is that the cause of action upon which it sues is one created by the statutes of California, that the operative facts involved all occurred in the State of California, and, therefore, California law should be applied in determining the nature of the cause of action asserted. Under the law of California, it argues, plaintiff's claim is one for injury to property. It further argues that while there is a 3 year statute of limitations on causes of action created by statute, such causes of action are subject to a tolling provision by reason of the absence of the defendant from the State. Plaintiff points out that the limitation involved is not one upon the right

but rather upon the remedy and is therefore procedural in nature; and that in such case the statute of limitations of the forum should be applied, which in Pennsylvania in matters affecting damage to property is 6 years. 12 P.S.Pa. § 31.

Defendant's argument is that the action involved in this suit is a derivative action for personal injuries and therefore subject to the Pennsylvania statute relating to actions for personal injuries, 2 years. 12 P.S.Pa. § 34. Moreover, it argues that even under California law it is not an action for property damage and that even if it is, it is barred by the California statute of limitations of 3 years.

■■■ Since this case is in the United States District Court on diversity grounds only and we are dealing with a cause of action arising in California, the Pennsylvania rule on conflict of laws must be adopted as the law of this case. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477. The Pennsylvania rule is that its courts will refer to the place of the wrong for the legal effect to be given facts and events involved in the particular action, if the cause of action is created at the place of the wrong. Diesbourg v. Hazel-Atlas Glass Co., 3 Cir., 176 F.2d 410, Curtis v. Campbell, 3 Cir., 76 F.2d 84. The law of Pennsylvania recognizes a cause of action created at the place of the alleged wrongdoing. See Sumner v. Brown, 312 Pa. 124, 167 A. 315; Restatement Conflict of Laws, Section 384 (1), and this is so despite the fact that the foreign statute would result in a decision directly opposite to that which would result in the operation of the law of the forum. Mackey v. Robertson, 328 Pa. 504, 195 A. 870.

■■■ The first point to be settled is what is the nature of this cause of action. Applying the principles set forth in the above decided cases and the Restatement, we must look to the Courts of California for the interpretation of the nature of the cause of action. It would appear that this question was fairly presented to the District Court of Appeals, Second District, Division 3 of the Courts of California, in the case of the City of Los Angeles v. Howard, 80 Cal.App.2d 728, 182 P.2d 278. While the facts of that case are not strictly analogous to the facts of the instant case, the Court of Appeals was called upon to determine the nature of the right given to an employer under the statute above referred to, Section 3852 of the Labor Code. The Court of Appeals there specifically decided that the payments of money by the Plaintiff for medical attention and compensation to injured employees pursuant to obligation imposed upon it by the provisions of the Labor Code caused a property injury to the plaintiff within the meaning of the section of its probate code permitting claims against decedent's estates for property damage occasioned by the deceased in his lifetime. The language of the opinion in the case of Morris v. Standard Oil Co. in the Supreme Court of California, 200 Cal. 210, 214, 252 P. 605, went to some pains to point out that the cause of action created by statute was a property injury to the employer and not one arising in favor of the employee by reason of injury. That case decided that the claim of the employer for payments made under the compensation statute was assignable within the meaning of the California law which permits the assignment of property claims but not the assignment of tort claims. It appears, therefore, that applying California law, the action in this case is to redress injury to property.

■■■ That brings us then to the point as to which statute of limitations to apply —the California statute or the Pennsylvania statute. The plaintiff here concedes that if the statute creating the right also contained a limitation, such limitation would be upon the right and at the termination of the period of limitation the right would be forever extinguished. The statute creating the right contains no limitation. It is, however, subject to the general statute of limitations of three years upon causes of actions created by California statute. That, therefore, is a limitation upon the remedy and is procedural. Consequently, courts sitting in Pennsylvania

454

are free to disregard the California statute of limitations and apply the Pennsylvania statute of limitations, which in cases of causes of action for damage to property is 6 years. Pennsylvania statutes, however, have one further limitation. Title 12 Purdon Statutes, Section 39, Act of June 26, 1895, P.L. 375, Section 1, provides: "When a cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth."

The court must ascertain whether the action is *fully barred* in the state of its origin. The California Code of Civil Procedure, Section 338(1), limits an action to enforce a liability created by statute to 3 years. That section, however, is subject to the provisions of Section 351 of the Code which provides, as follows: "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

The defendant here is subject to that tolling statute and it clearly appears from the affidavit of W. E. Sedgwick, Esquire, attorney for defendant, in the case of John C. Turner, Plaintiff, v. Proctor and Schwartz, Defendant, No. 49209, Superior Court of the State of California in and for the County of San Mateo (a part of the record of this case), that Proctor and Schwartz, Defendant, was not subject to service of process in the State of California. The provisions of Section 351, therefore, apply and the action has not been fully barred in California. Therefore, the Pennsylvania statute of limitations is applicable. The present action is well within the six year period of limitations of Pennsylvania law.

Plaintiff's motion to strike the third defense must, therefore, be granted, and defendant's motion to dismiss must be denied.