[Civ. No. 19840.   First Dist., Div. Three.   Dec. 3, 1962.]

MELVIN C. JOHNSON, as Special Administrator, etc., Plaintiff and Appellant, v. KEY SYSTEM TRANSIT LINES et al., Defendants and Respondents.

Walter H. Medak for Plaintiff and Appellant.

Hardin, Fletcher, Cook & Hayes and Cyril Viadro for Defendants and Respondents.

DRAPER, P. J.—This is a case of first and, probably, last impression. The question is whether an action for wrongful death survives the plaintiff heir. No California decision directly passes upon it. By amendment effective September 15, 1961 the statute (Prob. Code, § 573) now provides expressly for such survival.

In 1956, Melvin L. Johnson was killed in the collision of a train of defendant and the automobile in which he was riding. His mother, alleging that she was his sole heir, filed an action for damages for his death. The mother died in 1958, and the present plaintiff, as special administrator, was substi-

tuted herein. The case went to trial in 1960. At the close of plaintiff's case, motion for nonsuit was granted on the ground that the cause of action did not survive the death of the mother.

At common law, a tort action did not survive either the injured party or the tortfeasor. The statutory trend to modification of this rule was marked in England by Lord Campbell's Act, adopted in 1846. Since 1872, California has provided by statute (Code Civ. Proc., § 377) that heirs or personal representatives of a decedent may maintain an action for his wrongful death. This statute, however, met only the problem of death of the injured party. The California rule was clear that the cause of action died with the tortfeasor (*Clark* v. *Goodwin,* 170 Cal. 527 [150 P. 357, L.R.A. 1916A 1142]). Despite a trend in other jurisdictions toward the view that the cause of action should survive the tortfeasor, California retained the older rule until 1946. In that year, our Supreme Court held that wrongful death of a person constituted an injury to his "estate" or that of his dependent heirs, in the sense of diminishing support he would otherwise have provided to them. Thus the cause of action was one for injury to "property" and, under the code (Prob. Code, § 574) survived the death of the tortfeasor to the extent of such property damage only (*Hunt* v. *Authier,* 28 Cal.2d 288 [169 P.2d 913, 171 A.L.R. 1379]).

At its 1949 session, the Legislature adopted code amendments obviously stemming from the decision in *Hunt* (Stats. 1949, ch. 1380). The section authorizing wrongful death actions (Code Civ. Proc., § 377) was amended to provide expressly that such an action survives the tortfeasor. The section providing for survival of actions for injury to property (Prob. Code, § 574) was amended to provide expressly that it not apply to actions for physical injury or death. It seems apparent that the legislative intent was to provide for survival of a cause of action for wrongful death, and at the same time to avoid the awkward limitation of such an action to injury to the "estate" or to "property."

Defendant, however, relies on the fact that the amended section 377 expressly provided that a wrongful death action shall survive the tortfeasor, but made no such provision for the death of the "heirs or personal representatives." Thus, defendant says, there was a clear legislative determination that there should be no such survival. We cannot agree. The same act which amended the above two sections added a new section, 956, to the Civil Code. That section (repealed in 1961) pro-

vided "A thing in action arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer . . ., nor by reason of the death of the person injured *or of any other person who owns any such thing in action.*" [Emphasis added.] The conclusion is inescapable that this section provides expressly that a cause of action for wrongful death (which necessarily results from physical injury to the decedent in his lifetime) shall survive the plaintiff heir (the "person who owns" the cause of action). It has been held that by the 1949 amendments "[s]urvival . . . in personal injury and death cases was lifted from the Probate Code and with extensions was included in section 956 of the Civil Code." (*Cort* v. *Steen,* 36 Cal.2d 437, 440 [224 P.2d 723].)

It follows that section 956 is applicable to plaintiff's cause of action here, and that recovery may be had under that section.

Judgment reversed.

Salsman, J., and Devine, J., concurred.