Nita S. VELA, Christie L. Vela, a minor, by and through Rudolfo R. Vela, her father and next friend, Andrea Lassen, a minor, by and through Jack G. Lassen, her father and next friend, and Kathryn Anderson, a minor, by and through Roy Anderson, her father and next friend, Appellants,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, c/o Guam Insurance Adjusters, Appellee.

No. 21758.

United States Court of Appeals Ninth Circuit.

May 6, 1968.

Alvin Buchignani (argued), of Hall, Buchignani & Cavagnaro, San Francisco, Cal., Finton J. Phelan, Agana, Guam, for appellants.

Alexander Michael Casey (argued), Edward S. Terlaje, Agana, Guam, Andrew J. Collins, Donald W. Malouf of Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., for appellee.

Before BARNES and BROWNING, Circuit Judges, and TAYLOR,* District Judge.

BARNES, Circuit Judge:

This is an appeal in a personal injury action from an order granting the defendant's motion for a summary judgment. The action was brought in the District Court of Guam pursuant to 48 U.S.C. § 1424 (1964), and our jurisdiction rests on 28 U.S.C. § 1291 (1964).

Suit was based on an automobile accident which occurred in Guam on January 2, 1966. In that accident a car driven by appellant Mrs. Nita Vela, in which the other appellants were passengers, collided with a car operated by Charles L. Hofer, an insured of the appellee Government Employees Insurance Company. Hofer died either in or shortly after the accident, and appellants some months later brought this action against the appellee in his stead, under Guam's direct action statute. Guam Gov't Code § 43354 (1961).[1] Summary judgment in favor of

---

* Hon. Fred M. Taylor, Chief Judge, United States District Court, District of Idaho, sitting by designation.

1. "Liability policy: direct action. On any policy of liability insurance the injured person or his heirs or representatives shall have a right of direct action against the insurer within the terms and limits of the policy, whether or not the policy of insurance sued upon was written or delivered in Guam, and whether or not such policy contains a provision forbidding such direct action, provided that the cause of action arose in Guam. Such action may be brought against the insurer alone, or against both the insured and insurer."

the appellee was rendered on December 5, 1966.

Apparently accepting the appellee's position that any right of action they had against Hofer abated with his death, appellants initially urged in this court that the direct action statute under which their claim was brought created a new and separate right of action against the insurance company, a right unaffected by Hofer's death. Their opening brief also claimed that, at least with respect to appellants Andrea Lassen and Kathryn Anderson, a cause of action had been shown to exist against the appellee, not on the basis of Hofer's policy, but rather on the basis of a second and different policy insuring Mrs. Vela.[2] As to those two appellants, it was asserted, the district court should have allowed amendment of the complaint so that a claim could have been formally stated.

■ Both of these contentions must be rejected. The first is untenable in view of our decision in Capital Ins. & Sur. Co. v. Kelly, 361 F.2d 567 (9th Cir. 1966), cert. denied, 385 U.S. 1025, 87 S. Ct. 742, 17 L.Ed.2d 673 (1967), a case almost identical to the present one. There the plaintiff, conceding that his claimed right of action against the alleged tortfeasor had abated with the latter's death, sought damages for personal injury against the tortfeasor's insurer under Guam's direct action statute. We held that if the action against the insured had abated, that statute did not authorize suit against the insurer.

■ As to the appellants' second argument, we note that the district court's judgment was limited to the claim based on the Hofer policy, and that the rights of appellants "to claim under any other policy issued by the defendant" were specifically reserved by a dismissal without prejudice. C. T. 39. In view of this reservation, we cannot hold that it was error or an abuse of discretion for the district court to fail to allow an amendment of the sort contended for, even if such an amendment might in theory have been possible.[3]

Our treatment of the first question above is predicated on the assumption—clearly evidenced by both parties in their original briefs—that under the applicable Guam law appellants' alleged right of action against Hofer did not survive his death. One week before oral argument, however, appellants pointed out that on March 9, 1966—after Hofer's death but before the filing of the complaint in this action—Guam had by enactment of Public Law 8–115 added to its Civil Code section 956, providing that

"[a] thing in action arising out of a wrong which results in physical injury to the person * * * shall not abate by reason of the death of a wrongdoer * * *."

The parties have filed supplemental briefs concerning the effect of the provision just quoted on this litigation. The appellee invokes the general principle that the adoption of a statute of one jurisdiction by another carries with it the judicial interpretation of the statute arrived at by the first jurisdiction (see Carolene Products Co. v. United States, 323 U.S. 18, 26, 65 S.Ct. 1, 89 L.Ed. 15 (1944); Diamond Nat. Corp. v. Lee, 333 F.2d 517, 526 (9th Cir. 1964); Palakiko v. Harper, 209 F.2d 75, 102 (9th Cir. 1953), cert. denied, 347 U.S. 956, 74 S. Ct. 683, 98 L.Ed. 1101 (1954)), and thus contends that the Guam statute should not be applied retroactively. It is undisputed that the terms of section 956, quoted above, are drawn directly from

2. Mrs. Vela's policy appears in the record by reason of a motion made and granted, requiring appellee to employ new counsel because of the conflict of interest stemming from its having insured both Hofer and Mrs. Vela.

3. The "amendment" would seem in effect to have stated a separate cause of action. We may note also in passing that the record does not suggest any effort on the part of appellants to seek such an amendment.

former section 956 of the California Civil Code. The appellee points out that in Cort v. Steen, 36 Cal.2d 437, 224 P.2d 723 (1950), the California Supreme Court held the latter section to have no retroactive effect.

In response, the appellants argue that that California decision was based on the common law principle, applicable in that state, that death abates the wrong as well as the remedy. This principle, they continue, is inapplicable to Guam. Appellants claim that under the Spanish Civil Code, applicable to Guam prior to United States sovereignty over the island, obligations such as the one here in question survived the death of the obligor.

■ The necessary implication of this position, however, is that even before the enactment of Public Law 8–115 the law of Guam provided for the survival of personal injury actions. We cannot accept such a conclusion. The underlying premise of our decision in Capital Ins. & Sur. Co. v. Kelly was to the contrary. Furthermore, the appellants' position would leave the passage of Public Law 8–115 essentially without significance. It is difficult to believe that that statute was passed simply for purposes of "clarification." In United States v. Johnson, 181 F.2d 577, 580 (9th Cir. 1950), this court took notice of the relevant history of the law of Guam, stating that

"[a]fter the Island had been acquired by the United States under the terms of the treaty following the Spanish-American war, the President, on December 23, 1898, issued a proclamation placing the Island under the control of the Navy and directing the Secretary of Navy to take such steps as might be necessary to give it the necessary protection and government. By an executive order of the Naval Government of Guam, on December 28, 1933, codes of law were promulgated for the Island."

Those codes included a Code of Civil Procedure, section 377 of which read in pertinent part as follows:

"When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages *against the person causing the death*, or if such person be employed by another person who is responsible for his conduct, then also against such other person." (Emphasis added.)

This section was drafted in conformity with section 377 of the California Code of Civil Procedure, which had been authoritatively construed in 1915 to preclude survival of the actions it authorized. Clark v. Goodwin, 170 Cal. 527, 150 P. 357, L.R.A.1916A, 1142 (1915). The principle of construction referred to above thus buttresses our conclusion that Guam law prior to the enactment of section 956 did not permit survival of actions such as the present one.[4] Similarly, on the basis of the California Supreme Court's construction of that state's survival statute in Cort v. Steen, we hold that section 956 ought not to be applied retroactively.

The law of Guam applicable to this action, then, does not allow a direct action against the appellee, and the judgment of the district court must be and is affirmed.

4. In dealing with a similar question, we noted in United States v. Johnson that
   "[w]hen the appropriate authority adopted from California a code of laws designed to replace the original part-Spanish law, it might be inferred that such codified rules as that of *respon-*
   *deat superior* were intended to have the same significance and scope as they had been given by the Supreme Court of the State from which the code was taken." 181 F.2d at 580.
   See also Capital Ins. & Sur. Co. v. Kelly, 361 F.2d 567, 568 n.1 (9th Cir. 1966).